LOLLEY, J.
11 Rusty Allan Greenwalt was originally charged for the aggravated rape of his 9-year-old stepsister. The state agreed to allow him to plead guilty to simple rape so that the victim would not have to testify. The trial court imposed a sentence of 15 years at hard labor without the benefit of probation, parole or suspension of sentence. Greenwalt appeals his sentence claiming that it is excessive. For the following reasons, we affirm.
The record shows that Greenwalt was indicted for aggravated rape at age 16 for sexual conduct involving his 9-year-old stepsister, J.D.R., whose date of birth is October 29, 1993. Because a guilty plea for simple rape was entered, the state’s factual recitation simply states that Green-walt violated La. R.S. 14:43 by “penetrating her anal, her anus or, and/or having oral and/or vaginal sexual intercourse” without lawful consent of the underage victim between January 1, 2003, and August 26, 2003. The state then supplied the trial court with information that Greenwalt had given a confession after being advised of his juvenile rights and with his father present. Greenwalt had been interviewed by two physicians appointed to determine Greenwalt’s competency to assist counsel in his defense. They both found Green-walt to be competent and of average intelligence. Greenwalt asserted to those physicians that the stepsister performed oral sex on him.
The only assignment of error asserted by Greenwalt on appeal is his claim that the sentence imposed was excessive. *1075 As stated, Greenwalt was sentenced to 15 years at hard labor without the benefit of probation, parole bor suspension of sentence. Although the sentence may be harsh, for the following reasons, we conclude that it is not excessive.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.04/02/97), 691 So.2d 864. A substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Ross, 35,552 (La.App. 2d Cir.02/27/02), 811 So.2d 176.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.02/02/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the ^seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
The penalty for simple rape is imprisonment with or without hard labor for not more than 25 years without benefit of parole, probation or suspension of sentence. Prior to imposing a sentence, the trial court considered Greenwalt’s presentence investigation report. The court noted that Greenwalt was very young when he committed these crimes and that he had no prior criminal history. The trial court imposed a sentence of 15 years at hard labor, without the benefit of parole, probation or suspension of sentence. Considering the totality of the record, this sentence, while definitely harsh and long for this youthful offender, does not appear constitutionally excessive for this defendant who admitted he engaged in sex acts with his stepsister over a period of time.
Although Greenwalt was only a juvenile himself when this pattern of behavior began, the crime is one that impacts this even younger victim in many dimensions. The pain and suffering caused to the victim may be irreparable. Notably, the criminal activity took place repeatedly over an extended period of time. Further, although Greenwalt was a juvenile as well, there was a significant disparity in the ages between him and the victim. Green-walt received substantial benefits when the state agreed to |4aIlow him to plead guilty to simple rape instead of facing a potential conviction for aggravated rape and a life sentence. We note that the original crime *1076 for which Greenwalt was indicted, aggravated rape, mandates treatment as an adult — which underscores the severity of the criminal acts Greenwalt committed against his victim. See La. Ch. C. art. 305(A). So considering, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. This assignment is therefore without merit, and Rusty Allan Greenwalt’s conviction and sentence are hereby affirmed.
AFFIRMED.