# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 10-1336

**STATE OF LOUISIANA**

**VERSUS**

**MARCUS DONTE STEELE**

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 08-235152
HONORABLE KEITH J. COMEAUX, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.**

**Edward K. Bauman**
**La. Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**Counsel for Defendant/Appellant:**
        **Marcus Donte Steele**

**Chester R. Cedars**
**District Attorney**
**415 S. Main St.**
**St. Martinville, LA 70583**
**Counsel for Appellee:**
        **State of Louisiana**

PAINTER, J.

Defendant, Marcus Donte Steele, was charged by bill of information filed on July 9, 2008, in docket number 08-235152, with forcible rape, in violation of La.R.S. 414:42.1. Defendant entered a plea of not guilty on August 11, 2008.

On December 2, 2009, Defendant withdrew his former plea of not guilty and entered a plea of guilty to one count of forcible rape, with the state agreeing not to pursue charges in connection with other alleged sexual assaults. On March 19, 2010, the trial court sentenced Defendant to thirty years at hard labor, to be served without benefit of probation, parole, or suspension of sentence.

A "Motion to Reconsider Sentence" was filed on April 1, 2010, which was denied. A motion for appeal was filed and granted.

Appellate counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967), in this matter. For the following reasons, we affirm with instructions and grant counsel's motion to withdraw.

**FACTS**

The victim was walking home with items purchased at a drug store when Defendant offered her a ride home in his vehicle. Instead of taking her to her residence, Defendant took her to a gravel road near 1609 Mills Highway, Breaux Bridge, Louisiana. There he stopped the vehicle, exited, and went to the passenger side of the car. He put his hand over the victim's mouth and began taking off her clothes. He punched her in the face, banged her head against the dashboard, and raped her repeatedly. He threw her purchases out of the car and left her at the site. The victim walked to the nearest store and called 911.

Defendant was arrested and charged with forcible rape.

1

**ERRORS PATENT**

All appeals are reviewed for errors patent as required by La.Code Crim.P. art 920. After reviewing the record, we find one error patent.

The trial court failed to advise Defendant of the prescriptive period for filing for post-conviction relief. *See* La.Code Crim.P. art 930.8. The transcript of the guilty plea proceeding indicates that the trial court told Defendant that: "[T]here is a two year limitation to file for post-conviction relief. If you think anybody has done anything wrong in your case, you have two years to complain about it." Louisiana Code of Criminal Procedure Article 930.8 provides that a defendant has two years *after the conviction and sentence become final* to seek post-conviction relief. Consequently, the trial court is instructed to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice within ten days of the rendition of this opinion and to file written proof that Defendant received the notice.

**_ANDERS_ ANALYSIS**

Pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, Defendant's appellate counsel has filed a brief stating that he could not find any errors on appeal that would support a reversal of Defendant's conviction or sentence. Therefore, counsel seeks to withdraw.

In *State v. Benjamin,* 573 So.2d 528, 531 (La.App. 4 Cir.1990), the court explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This

2

court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D)[,] this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to *Anders* and *Benjamin,* we have performed a thorough review of the record, including pleadings, minute entries, the charging instruments, and the transcripts. Defendant was properly charged by bills of information, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Additionally, Defendant received legal sentences.

We find no issues which would support an assignment of error on appeal. Therefore, counsel's motion to withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

3

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**10-1336**

**STATE OF LOUISIANA**

**VERSUS**

**MARCUS DONTE STEELE**

**\*\*\*\*\*\*\*\*\*\***

**ORDER**


After consideration of appellate counsel's request to withdraw as counsel and the appeals presently pending in the above-captioned matter;

IT IS HEREBY ORDERED that appellate defense counsel's motion to withdraw is granted.


_____
Judge J. David Painter


_____
Judge Billy Howard Ezell


_____
Judge Elizabeth A. Pickett

4