# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1386


**STATE OF LOUISIANA**

**VERSUS**

**TOBY JAMES FRUGE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 115665
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.


**Conery, J., dissents for reasons assigned.**


**AFFIRMED IN PART; VACATED
AND REMANDED IN PART.**


**Michael Harson**
**District Attorney – 15th Judicial District**
**William Thomas Babin**
**Assistant District Attorney – 15th Judicial District**
**P. O. Box 3306**
**Lafayette, LA 70502**
**Telephone: (337) 232-5170**
**COUNSEL FOR:**
      **Plaintiff/Appellee – State of Louisiana**

**Edward John Marquet**
**Louisiana Appellate Project**
**Post Office Box 53733**
**Lafayette, LA 70505-3733**
**Telephone:  (337) 237-6841**
**COUNSEL FOR:**
**Defendant/Appellant – Toby James Fruge**

**Toby James Fruge**
**Avoyelles Correctional Center – #549883**
**1630 Prison Road**
**Cottonport, LA 71327**

**THIBODEAUX, Chief Judge.**

The defendant, Toby James Fruge, appeals as excessive the sentences imposed by the trial court for a forcible rape conviction and a simple rape conviction. We affirm the thirty-year sentence for forcible rape; however, we find that the record does not support the twenty-five year sentence for simple rape, which we vacate and remand to the trial court for resentencing.

I.

**ISSUES**

We must decide:

(1)     whether the trial court abused its discretion in sentencing the defendant for forcible rape; and

(2)     whether the trial court abused its discretion in sentencing the defendant for simple rape.

II.

**FACTS AND PROCEDURAL HISTORY**

This appeal is before us following a prior appeal and remand of the case in 2010. *See State v. Fruge*, 09-1131 (La.App. 3 Cir. 4/7/10), 34 So.3d 422, *writ denied*, 10-1054 (La. 11/24/10), 50 So.3d 828. The defendant was charged with the forcible rape of two women, violations of La.R.S. 14:42.1.[1] A jury found

---

[1]A. Forcible rape is rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:

(1) When the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.

(2) When the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced

him guilty of the forcible rape of R.A. in 2004 and found him guilty of the simple rape of J.H. in 2006.[2]  Simple rape is a violation of La.R.S. 14:43.[3]

For the conviction of forcible rape, the defendant was sentenced to serve thirty years at hard labor, with *at least* two years of the sentence to be served without benefit of probation, parole, or suspension of sentence for forcible rape. For the charge of simple rape, he was sentenced to serve twenty-five years at hard labor without the benefit of probation, parole, or suspension of sentence.  The sentences were ordered to be served concurrently.  *Fruge*, 34 So.3d 422.

---

by a narcotic or anesthetic agent or other controlled dangerous substance administered by the offender and without the knowledge of the victim.

B.  Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years.  At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.

La.R.S. 14:42.1

[2]The victims' initials are being used in accordance with La.R.S. 46:1844(W)(1)(b).

[3]A.  Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:

(1) When the victim is incapable of resisting or of understanding the nature of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim's incapacity.

(2) When the victim, through unsoundness of mind, is temporarily or permanently incapable of understanding the nature of the act and the offender knew or should have known of the victim's incapacity.

. . . .

B.  Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years.

La.R.S. 14:43.

The defendant appealed, and we affirmed both convictions. *Id.* However, we vacated the sentence for forcible rape, finding that the court rendered and indeterminate sentence in not specifying the number of years to be served without benefits; we remanded the case for imposition of a determinate sentence. We also vacated the sentence for simple rape, finding that the trial court failed to mention any basis for imposition of the sentence; we remanded the matter for resentencing in compliance with the sentencing guidelines of La.Code Crim.P. art. 894.1." *Id.*

In 2010, the defendant was resentenced to thirty years at hard labor on the conviction of forcible rape, a definite two years of which must be served without benefit of probation, parole, or suspension of sentence. On the conviction of simple rape, he was sentenced to twenty-five years at hard labor, all of which must be served without benefit of probation, parole, or suspension of sentence. The trial court ordered the sentences to run concurrently.

In this appeal, the defendant asserts excessive sentencing. He assigns as error the trial court's imposition of the maximum sentence allowed on the simple rape conviction, twenty-five years with no opportunity for probation, parole, or suspension of sentence, to run concurrently with the thirty-year sentence for forcible rape. The defendant asserts that the sentences are constitutionally excessive for a first-time felony offender.

III.

**STANDARD OF REVIEW**

"The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive

3

absent a manifest abuse of discretion." *State v. Salameh*, 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (citations omitted).

## IV.

## LAW AND DISCUSSION

In this case, the defendant met both women in social settings where the women consumed alcohol and/or drugs and later passed out or fell asleep. Both rapes occurred or began during these periods of incapacity. The defendant argues that the sentences were excessive where he was an otherwise law-abiding citizen with no history of felony arrests or convictions, and where neither charge involved a brutal attack on an unsuspecting victim. He asserts that he did not threaten, hit, strike, choke, display a weapon to, or physically assault either woman.

The defendant filed a Motion to Reconsider Sentence arguing only that the sentences were unconstitutionally excessive.

> Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to set forth the specific grounds on which a motion to reconsider may be based. Failure to include a specific ground upon which a motion to reconsider sentence may be based "shall preclude . . . the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."

*State v. Miller*, 12-1401, p. 4 (La.App. 3 Cir. 6/5/13), 114 So.3d 670, 673 (citations omitted). In *Miller*, we found that, where the defendant did not specifically allege that the trial court failed to consider the factors of La.Code Crim.P. art. 894.1, appellate review of the defendant's sentence is restricted to his bare claim of excessiveness. Similarly, here, the defendant's sentences will be reviewed for a bare claim of excessiveness.

In *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, we discussed the excessiveness of sentencing as follows:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.

We went on to cite the fifth circuit in *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, for the three factors to be considered in reviewing a trial court's sentencing discretion—the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.

*Nature Of The Crime:*

The defendant was found guilty of raping two separate victims. Both victims were intoxicated at the time; both victims ended up at the hospital. At sentencing, the trial court stated that the defendant's conduct during the commission of the offenses manifested deliberate cruelty to the victims; that the offenses were violent and brutal in nature; and that the offenses resulted in significant physical and psychological suffering to the victims.

*Nature And Background Of The Offender:*

The defendant was thirty-two years old at the time the Presentence Investigation Report (PSI) was prepared. He had a couple of misdemeanors but no prior history of felonies. However, the trial court pointed out that the defendant had been found guilty of two separate rapes.

*Sentencing Imposed In Similar Crimes – Forcible Rape:*

The sentencing range for forcible rape is five to forty years at hard labor, and at least two years of the sentence must be without benefit of probation, parole, or suspension of the sentence. La.R.S. 14:42.1.

In *State v. Steele*, 10-1336 (La.App. 3 Cir. 5/4/11), 63 So.3d 412, the victim was walking home from a drug store when the defendant offered her a ride home in his vehicle. Instead of taking her to her residence, he took her to a gravel road, stopped the vehicle, exited, and went to the passenger side of the car. He put his hand over the victim's mouth and began taking off her clothes. He hit her in the face, banged her head on the dashboard, and raped her repeatedly. He threw her purchases out and left her there. The victim walked to the nearest store and called 911. The defendant changed his not guilty plea and entered a plea of guilty to one count of forcible rape when the State agreed not to pursue charges for other alleged sexual assaults. We affirmed a thirty-year sentence at hard labor with no benefit of parole, probation, or suspension of sentence.

Here, the victim, R.A., was approximately twenty years old. She and a co-worker went out for drinks after work. R.A. drank to the point of later throwing up twice. She danced with the defendant in the bar but left the establishment with her friend. The defendant followed the girls in his Jeep. They

6

realized they were being followed, and the friend, either distracted or trying to get away, ran her vehicle into a ditch. The defendant stopped, gave them a ride, dropped off the friend, and later took the sleeping victim to a dark gravel road. When she woke up, the vehicle was stopped; she jumped out to run but could not see. R.A. testified that the defendant grabbed her, put her in the driver's seat, pulled her pants down and raped her from the back and the front in spite of her screaming and begging him to stop. The defendant changed his story several times but admitted that R.A. cried out at one point, "Please, no, just don't kill me out here."[4]

The defendant was sentenced to thirty years at hard labor, a higher range sentence, but not the maximum; and the trial court gave him the lightest possible restriction on parole, only two years without benefit of parole, probation or suspension of sentence. We find no abuse of discretion in the trial court's sentencing of the defendant on the forcible rape conviction.

***Sentencing Imposed In Similar Crimes – Simple Rape:***

Unlike forcible rape, sentencing for simple rape carries no benefit of parole, probation, or suspension of sentence; it is with or without hard labor, for a maximum of twenty-five years. La.R.S. 14:43. The defendant in this case was given the maximum sentence, twenty-five years at hard labor.

In *State v. Clark*, 05-647 (La.App. 3 Cir. 12/30/05), 918 So.2d 552, the defendant was sentenced to serve fifteen years at hard labor. There, the defendant was a thirty-one year-old first time felony offender who had met the victim in a social setting and later overpowered the intoxicated victim while she

---

[4]The defendant testified that sex with R.A. was consensual.

slept. The defendant's mother, daughter, and sister testified on his behalf. After reviewing the testimony and considering the defendant's service record and honorable discharge, a panel of this court found the fifteen-year sentence excessive and remanded the case for resentencing with instructions that five years or less was appropriate.

However, in *Clark*, the only aggravating factor was an attempted sexual contact the same night with another woman, who declined the defendant's advances, thus resulting in no crime. In this case, the same jury convicted the defendant of the earlier forcible rape of another woman. While the offenses were two years apart, both rape cases were tried together.

In *State v. Cleveland*, 12-163 (La.App. 4 Cir. 4/10/13) 115 So.3d 578, *writ denied*, 13-926 (La. 11/8/13), 125 So.3d 444, we affirmed a conviction and sentence of fifteen years at hard labor for simple rape. That case involved an inebriated and unresponsive victim on the ground outside a bar with the defendant performing oral sex on her while another man participated. In affirming the conviction and sentence, we stated in pertinent part:

> Cleveland in this case received a sentence of fifteen years, a little beyond a mid-range sentence. Other jurisdictions have found like sentences not to be excessive. *See State v. Greenwalt*, 41,145 (La.App. 2 Cir. 8/23/06), 938 So.2d 1073 (fifteen years not excessive); *State v. Jeansonne*, 06-263 (La.App. 3 Cir. 5/31/06), 931 So.2d 1258 (twenty years not excessive); *State v. Williams*, 05-0673 (La.App. 5 Cir. 3/14/06), 926 So.2d 665 (fifteen years not excessive).

*Id*. at 589. *See also*, *State v. Clouatre*, 12-407 (La.App. 1 Cir. 11/14/12), 110 So.3d 1094, affirming a sentence of twelve years where the defendant penetrated his wife's young step-sister who had been drinking and was asleep on the sofa.

Here, J.H., also approximately twenty years old, testified that she had played a drinking game with the defendant at her sister's house and was asleep on the sofa when the rape began.[5] When she awoke, her jeans and underwear had been pulled down to her knees, and the defendant was holding her down by her breasts. She pushed him onto the floor and ran crying to her sister's room. The defendant ran out and left the residence with the sister's fiancé beating on his car window. The defendant has pointed out that no psychological testing was done to support the trial court's comments regarding psychological injuries. While the record supports a sobbing, hysterical victim, and it reveals a man who preys on young, incapacitated women, we cannot say that the record indicates the worst offender or supports the maximum twenty-five year sentence imposed for simple rape. We, therefore, vacate the sentence and remand the matter instructing the trial court that a mid-range sentence at hard labor, with no opportunity for probation or parole, to run concurrently with the thirty-year sentence for forcible rape, is supported by the record.

## V.

## CONCLUSION

Based upon the foregoing, we affirm both convictions and the thirty-year sentence imposed for forcible rape. We vacate the twenty-five year sentence for simple rape and remand the matter with instructions to resentence the defendant consistent with this opinion.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[5]The defendant denied having sexual relations with J.H.

STATE OF LOUISIANA

VERSUS

TOBY JAMES FRUGE

**Conery, J., dissenting.**

The trial judge imposed the sentences in question after another panel of this court remanded the case for resentencing. *See State v. Fruge*, 09-1131 (La.App. 3 Cir. 4/7/10), 34 So.3d 422, *writ denied*, 10-1054 (La. 11/24/10), 50 So.3d 828. Specifically, the simple rape sentence was remanded by the previous panel because as to the jury's responsive verdict of simple rape of J.H.,[1] the trial judge imposed the maximum sentence of twenty-five years without benefit of probation, parole, or suspension of sentence to run concurrent with the forcible rape sentence of R.A. and had not stated specific reasons for sentencing in compliance with La.Code Crim.P. art. 894.1. The forcible rape sentence was remanded for an error patent as an indeterminate sentence because the trial judge had used the words "at least" when sentencing the defendant to thirty years at hard labor with "at least" two years to be served without benefits. *Fruge*, 34 So.3d at 424.

On remand from the original decision by the *Fruge* panel, the trial judge again thoughtfully considered the evidence at trial, sentencing, and resentencing as well as the sentencing guidelines specified in La.Code Crim.P. 894.1, before again

---

[1] The defendant was originally also charged with forcible rape of J.H. The jury returned the responsive verdict of simple rape. *Fruge*, 34 So.3d 422.

imposing a sentence of thirty years at hard labor, this time specifying that two years was to be served without benefit of probation, parole, or suspension of sentence for the forcible rape of R.A., who he found to be an impaired and/or inebriated young victim. He also sentenced the defendant to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence for the separate simple rape of J.H., who he found to be a young, vulnerable victim raped by the defendant while she was asleep and also impaired. The trial judge had the discretion to run the sentences consecutively as the crimes involved two separate victims in two separate incidents. *Fruge*, 34 So.3d 422.[2] Instead, the trial judge chose to order the sentences to run concurrently.

While I agree with the majority that a lesser sentence than the maximum of twenty-five years without benefits for simple rape to run concurrent with the forcible rape sentence may have been more appropriate based on the lack of the defendant's criminal history and the facts and circumstances of these two separate incidents of rape, on appeal we should not substitute our judgment for that of the trial judge. On remand for resentencing, the trial judge had ample opportunity to reconsider the original twenty-five year hard labor sentence without benefits for simple rape. The record shows that the trial judge was especially aware that, as a matter of law, the entire sentence for simple rape had to be served without benefits.

---

[2] The maximum sentence that could have been imposed for both charges totaled sixty-five years at hard labor without benefits. Louisiana Revised Statues 14:42.1 provides for a maximum of forty years at hard labor without benefits for forcible rape. Simple rape under La.R.S. 14:43 provides for a maximum twenty-five years with or without hard labor and without benefits. When one considers that the total sentencing exposure for both crimes was sixty-five years at hard labor without benefits, the actual sentence imposed by the trial judge was well below the maximum total sentence for both charges when added together. The majority erred, in my view, by simply focusing on the maximum sentence for simple rape and by not properly considering the total sentencing exposure for both crimes. The fact that the trial judge ran both sentences concurrently and provided that only two years on the thirty year sentences for forcible rape was to be served without benefits when he could have ordered the entire sentence to be served without benefits must be considered when examining the propriety of the individual sentences imposed, in my view.

2

The trial judge could have, and the majority found that he should have, imposed a lesser sentence on the simple rape charge. In fact, the majority instructs the trial judge on remand to impose no more than a mid-range sentence on the simple rape to run concurrent with the forcible rape sentence, a mandate with which I disagree.

While it may be argued that a mid-range sentence for simple rape may have been more appropriate in this case, I find that the sentence imposed is not constitutionally excessive and not an abuse of discretion. We did not hear the evidence, evaluate the witnesses, see and hear the young victims and evaluate their demeanor or that of the defendant, or hear and evaluate the victim impact evidence. As the majority noted, the defendant did not accept responsibility for either rape at trial or at sentencing, a factor that can be considered by the trial judge. The defendant denied that he raped R.A., the forcible rape victim, claiming that sex was consensual. Not only did he deny raping J.H., the simple rape victim, he denied having sex with her at all. The jury found the defendant guilty of forcible rape of R.A. and the responsive verdict of simple rape of J.H. based on solid evidence in the record, which convictions the previous panel of this court affirmed. *Fruge*, 34 So.3d 422.

## CONCLUSION

The trial judge presided over the trial, the original sentencing, and the resentencing. He was in the best position to decide the appropriate sentences for each of the crimes in this case. We should not substitute our judgment for that of the trial judge. I would affirm the difficult decision of this capable and experienced trial judge. *See State v. Steele*, 10-1336 (La.App. 3 Cir. 5/4/11), 63 So.3d 412; *State v. J.S.*, 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185; *State v. Despanie*, 06-1269 (La.App. 3 Cir. 2/7/07), 949 So.2d 1260; *State v. Collins*, 04-1441

3

(La.App. 3 Cir. 3/2/05), 896 So.2d 1265, *writ denied*, 05-1334 (La. 1/9/06), 918 So.2d 1040.