CONERY, J.,
dissenting.
_JjThe trial judge imposed the sentences in question after another panel of this court remanded the case for resentencing. See State v. Fruge, 09-1131 (La.App. 3 Cir. 4/7/10), 34 So.3d 422, writ denied, 10-1054 (La.11/24/10), 50 So.3d 828. Specifically, *608 the simple rape sentence was remanded by the previous panel because as to the jury’s responsive verdict of simple rape of J.H.,[1] the trial judge imposed the maximum sentence of twenty-five years without benefit of probation, parole, or suspension of sentence to run concurrent with the forcible rape sentence of R.A. and had not stated specific reasons for sentencing in compliance with La.Code Crim.P. art. 894.1. The forcible rape sentence was remanded for an error patent as an indeterminate sentence because the trial judge had used the words “at least” when sentencing the defendant to thirty years at hard labor with “at least” two years to be served without benefits. Fruge, 34 So.3d at 424.
On remand from the original decision by the Fruge panel, the trial judge again thoughtfully considered the evidence at trial, sentencing, and resentencing as well as the sentencing guidelines specified in La. Code Crim.P. 894.1, before again | ^imposing a sentence of thirty years at hard labor, this time specifying that two years was to be served without benefit of probation, parole, or suspension of sentence for the forcible rape of R.A., who he found to be an impaired and/or inebriated young victim. He also sentenced the defendant to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence for the separate simple rape of J.H., who he found to be a young, vulnerable victim raped by the defendant while she was asleep and also impaired. The trial judge had the discretion to run the sentences consecutively as the crimes involved two separate victims in two separate incidents. Fruge, 34 So.3d 422.[2] Instead, the trial judge chose to order the sentences to run concurrently.
While I agree with the majority that a lesser sentence than the maximum of twenty-five years without benefits for simple rape to run concurrent with the forcible rape sentence may have been more appropriate based on the lack of the defendant’s criminal history and the facts and circumstances of these two separate incidents of rape, on appeal we should not substitute our judgment for that of the trial judge. On remand for resentencing, the trial judge had ample opportunity to reconsider the original twenty-five year hard labor sentence without benefits for simple rape. The record shows that the trial judge was especially aware that, as a matter of law, the entire sentence for simple rape had to be served without benefits. |aThe trial judge could have, and the majority found that he should have, imposed a lesser sentence on the simple rape charge. In fact, the majority instructs the trial judge on remand to impose no more *609 than a mid-range sentence on the simple rape to run concurrent with the forcible rape sentence, a mandate with which I disagree.
While it may be argued that a mid-range sentence for simple rape may have been more appropriate in this case, I find that the sentence imposed is not constitutionally excessive and not an abuse of discretion. We did not hear the evidence, evaluate the witnesses, see and hear the young victims and evaluate their demeanor or that of the defendant, or hear and evaluate the victim impact evidence. As the majority noted, the defendant did not accept responsibility for either rape at trial or at sentencing, a factor that can be considered by the trial judge. The defendant denied that he raped R.A., the forcible rape victim, claiming that sex was consensual. Not only did he deny raping J.H., the simple rape victim, he denied having sex with her at all. The jury found the defendant guilty of forcible rape of R.A. and the responsive verdict of simple rape of J.H. based on solid evidence in the record, which convictions the previous panel of this court affirmed. Fruge, 34 So.3d 422.
CONCLUSION
The trial judge presided over the trial, the original sentencing, and the resentenc-ing. He was in the best position to decide the appropriate sentences for each of the crimes in this case. We should not substitute our judgment for that of the trial judge. I would affirm the difficult decision of this capable and experienced trial judge. jSee State v. Steele, 10-1336 (La.App. 3 Cir. 5/4/11), 63 So.3d 412; State v. J.S., 10-1233 (La.App. 3 Cir. 5/11/11), 63 So.3d 1185; State v. Despanie, 06-1269 (La.App. 3 Cir. 2/7/07), 949 So.2d 1260; State v. Collins, 04-14411/La.App. 3 Cir. 3/2/05), 896 So.2d 1265, writ denied, 05-1334 (La.1/9/06), 918 So.2d 1040.

. The defendant was originally also charged with forcible rape of J.H. The jury returned the responsive verdict of simple rape. Fruge, 34 So.3d 422.

. The maximum sentence that could have been imposed for both charges totaled sixty-five years at hard labor without benefits. Louisiana Revised Statutes 14:42.1 provides for a maximum of forty years at hard labor without benefits for forcible rape. Simple rape under La.R.S. 14:43 provides for a maximum twenty-five years with or without hard labor and without benefits. When one considers that the total sentencing exposure for both crimes was sixty-five years at hard labor without benefits, the actual sentence imposed by the trial judge was well below the maximum total sentence for both charges when added together. The majority erred, in my view, by simply focusing on the maximum sentence for simple rape and by not properly considering the total sentencing exposure for both crimes. The fact that the trial judge ran both sentences concurrently and provided that only two years on the thirty year sentences for forcible rape was to be served without benefits when he could have ordered the entire sentence to be served without benefits must be considered when examining the propriety of the individual sentences imposed, in my view.