# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #050

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of October, 2015**, are as follows:

**BY WEIMER, J.**:

2014-K -1172          STATE OF LOUISIANA v. TOBY JAMES FRUGE (Parish of Lafayette)
                      (Forcible Rape 2 Counts)

                      Finding no manifest abuse of the district court's broad
                      sentencing discretion in this case, we reverse those portions of
                      the appellate court decision that (1) vacated the simple rape
                      sentence and (2) remanded the matter to the district court for
                      resentencing.  The district court's simple rape sentence is
                      reinstated, and the matter is remanded for execution of the
                      sentence.
                      REVERSED IN PART; SIMPLE RAPE SENTENCE REINSTATED; REMANDED FOR
                      EXECUTION OF SENTENCE.

**10/14/15**

NO. 2014-K-1172

STATE OF LOUISIANA

VERSUS

TOBY JAMES FRUGE

*ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,*
*THIRD CIRCUIT, PARISH OF LAFAYETTE*

**WEIMER**, Justice.

The state's writ application was granted to review those portions of the appellate court decision that reversed the district court's imposition of the maximum sentence for defendant's simple rape conviction and remanded the case to the district court with instructions for resentencing. For the following reasons, we reverse the decision of the appellate court, in part, reinstate defendant's simple rape sentence, and remand to the district court for the execution of the sentence.

**FACTS AND PROCEDURAL HISTORY**

Toby James Fruge was charged with the forcible rape[1] of two women, R.A. (count 1) and J.H. (count 2), in two separate incidents that occurred approximately two years apart.

In 2004, R.A., approximately 20 years old, went out for drinks after work with a friend. While consuming drinks at a bar, R.A. danced with defendant before

---

[1] See La. R.S. 14:42.1.

leaving with her friend. Distracted by defendant who was following them in his vehicle, R.A.'s friend inadvertently steered her car into a ditch. Thereafter, defendant drove R.A.'s friend home and, then, while supposedly in route to R.A.'s home, took R.A., who was sleeping or passed out, to a dark gravel road where he grabbed her, put her in the driver's seat, pulled down her pants, and raped her while she screamed and begged for her life. After the rape, defendant drove R.A. home.

In 2006, 20-year-old J.H. spent the night at her sister's home and played a drinking game with defendant and her sister's fiancé. She then went to sleep on the couch, only to awaken when defendant, who had pulled down her jeans and underwear to her knees, held her down by her breasts. After penetration by defendant, J.H. pushed him onto the floor and ran crying to her sister's room while defendant ran out of the residence and fled the scene in his car as he was being pursued on foot by the fiancé of J.H.'s sister.

These counts were tried together. Although at trial defendant maintained that the sex with R.A. in 2004 was consensual and he denied having sex with J.H. in 2006, a jury in 2009 found defendant guilty of the forcible rape of R.A. and guilty of the simple rape of J.H.[2] He was then sentenced to 30 years of imprisonment at hard labor with at least two years served without the benefit of probation, parole, or suspension of sentence on the forcible rape[3] and to 25 years of imprisonment at hard labor

---

[2] Although both counts charged defendant with forcible rape, a verdict of simple rape is a permissible verdict to the charge of forcible rape. See La. C.Cr.P. art. 814(A)(10),

[3] "Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence." La. R.S. 14:42.1(B).

without the benefit of probation, parole, or suspension of sentence on the simple rape conviction.[4] The sentences were ordered to run concurrently.

On appeal of the convictions and sentences, the appellate court examined the underlying facts of both rapes and found there was sufficient evidence to affirm the convictions; however, the sentences for both were vacated. See **State v. Fruge**, 09-1131 (La.App. 3 Cir. 4/7/10), 34 So.3d 422, writ denied, 10-1054 (La. 11/24/10), 50 So.3d 828. The appellate court vacated the forcible rape sentence because it lacked specification of the number of years to be served "without benefit." *Id.*, 09-1131 at 2, 34 So.3d at 424. The simple rape sentence was also vacated in the absence of findings to support the imposition of the maximum available sentence. *Id.*, 09-1131 at 20, 34 So.3d at 434. The matter was remanded for resentencing to allow the district court to impose a determinate sentence relative to the forcible rape conviction and to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1[5] relative to the simple rape conviction. *Id.*

On remand, defendant was resentenced by the district court to 30 years of imprisonment at hard labor for the forcible rape conviction, two years of which was ordered to be served without the benefit of parole, probation, or suspension of sentence. As to the simple rape conviction, defendant was again sentenced to 25 years of imprisonment at hard labor "without benefit." Once more, these sentences were ordered to run concurrently.

---

[4] "Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years." La. R.S. 14:43(B).

[5] The appellate court specifically found lacking a statement on the record of the considerations and basis of the sentence. See La. C.Cr. P. art. 894.1(C).

While examining the sentences for excessiveness, the appellate court observed that the district court found the crimes "manifested deliberate cruelty to the victims; that the offenses were violent and brutal in nature; and that the offenses resulted in significant physical and psychological suffering to the victims." **State v. Fruge**, 13-1386, p. 5 (La.App. 3 Cir. 5/7/14), 139 So.3d 602, 605. Notably, the 32-year-old defendant had a "couple" of misdemeanor convictions, but no prior felony convictions. **Fruge**, 13-1386 at 6, 139 So.3d at 605. However, defendant, as observed by the district court, had been convicted in this case of two separate rapes. *Id.*

Comparing the forcible rape sentence to that imposed in **State v. Steele**, 10-1336 (La.App. 3 Cir. 5/4/11), 63 So.3d 412,[6] the appellate court found that the district court did not abuse its discretion in imposing a 30-year sentence and restricting only two years of that sentence to "without benefit." See **Fruge**, 13-1396 at 7, 139 So.3d at 606. Accordingly, the forcible rape sentence was affirmed. As to the 25-year sentence on the simple rape conviction, the district court considered the sentences imposed in **State v. Clark**, 05-0647 (La.App. 3 Cir. 12/30/05), 918 So.2d 552,[7] and **State v. Cleveland**, 12-0163 (La.App. 4 Cir. 4/10/13), 115 So.3d 578, writ denied, 13-0926 (La. 11/8/13), 125 So.3d 444.[8] Finding that the record supported neither a determination that defendant was the worst type of offender nor the imposition of the maximum 25-year sentence, the appellate court vacated the simple

---

[6] The **Steele** court sentenced defendant to 30 years at hard labor "without benefit." **Steele**, 10-1336 at 1, 63 So.3d at 413,

[7] The **Clark** court ultimately reduced the verdict from forcible rape to simple rape and then directed that the sentence for that offense be reduced by the district court to five years or less. **Clark**, 05-0647 at 5, 918 So.2d at 556.

[8] In **Cleveland**, the court affirmed a 15-year sentence on a conviction for the simple rape of an inebriated victim.

rape sentence and "remand[ed] the matter instructing the [district] court that a mid-range sentence at hard labor, with no opportunity for probation or parole, to run concurrently with the thirty-year sentence for forcible rape, is supported by the record." See **Fruge**, 13-1386 at 9, 139 So.3d at 607.

The dissenting appellate court judge was troubled by the majority's focus "on the maximum sentence for simple rape" and its failure to properly consider "the total sentencing exposure for both crimes." *Id.*, 13-1386 at 2 n.2, 139 So.3d at 608 n.2 (Conery, J., dissenting). Admittedly, a lesser sentence "may have been more appropriate" on the simple rape conviction under the facts of this case; however, the dissenting judge cautioned that the appellate court "should not substitute [its] judgment for that of the trial judge." *Id.*, 13-1386 at p. 2 n.2 and p. 3, 139 So.3d at 608 n.2 and 609 (Conery, J., dissenting). Given that defendant's crimes involved two separate victims in two separate incidents, the district court had the discretion to run the sentences consecutively. See *id.*, 13-1386 at 2, 139 So.3d at 608 (Conery, J., dissenting). Although defendant could have possibly been sentenced to a total maximum term of 65 years of imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the two rapes, the district court judge exercised sentencing restraint by ordering that defendant's sentences run concurrently, thereby, making his total term of imprisonment for the two rapes 30 years. *Id.* Therefore, in the opinion of the dissenting judge, the 25-year simple rape sentence was not constitutionally excessive, especially when considering the deference afforded to the district court in this regard. See *id.*, 13-1386 at 3, 139 So.3d at 609 (Conery, J., dissenting).

From that portion of the appellate court's decision that vacated the simple rape sentence, the state sought review by this court, contending that the appellate court

5

erred in finding that the simple rape sentence was excessive under the facts of this case and in ordering the imposition of a mid-range sentence for simple rape to run concurrently with his sentence for forcible rape.[9] The state's writ application was granted for consideration of whether the district court abused its sentencing discretion under the facts of this case by imposing the maximum sentence for defendant's simple rape conviction. See **State v. Fruge**, 14-1172 (La. 4/24/15), 168 So.3d 406.

**DISCUSSION**

The imposition of a sentence, even though within statutory limits, may violate a defendant's right, under the Louisiana Constitution,[10] against excessive punishment. **State v. Campbell**, 404 So.2d 1205, 1207 (La. 1981). A penalty is excessive if it is grossly disproportionate to the severity of the crime. See **State v. Goode**, 380 So.2d 1361, 1364 (La. 1980). In determining whether the penalty is grossly disproportionate to the crime, a reviewing court must consider the punishment and the crime in light of the harm to society caused by its commission and decide whether the penalty is so disproportionate to the crime committed as to shock the sense of justice. See *id.*, *citing* **Gregg v. Georgia**, 428 U.S. 153, 187 (1976).

The following factors are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime: the nature of the offense and the offender, a comparison of the punishment in this case with the sentences imposed for similar crimes, the legislative purpose behind the punishment, a comparison of the punishment with sentences imposed for similar

---

[9] Defendant has challenged the 30-year forcible rape sentence for excessiveness in a separate writ proceeding that is currently pending before this court. See **State v. Fruge**, 2014-KO-1088.

[10] See La. Const. Art. I, § 20 ("No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment.").

crimes, and a comparison of the punishment provided for this crime in other jurisdictions. **State v. Smith**, 99-0606, p. 18 (La. 7/6/00), 766 So.2d 501, 514-15.

Here, the district court noted the seriousness of the offenses, stating that defendant's "conduct during the commission of the offenses manifested deliberate cruelty to the victims." The nature of the offenses was characterized as "violent and brutal." The offenses were found to have "resulted in significant physical and psychological suffering to the victims." Although defendant challenges this finding based on the lack of medical evidence, witness testimony provides a reasonable basis for this finding. Furthermore, the district court had the opportunity to observe the demeanor and mannerisms of witnesses, including inflections or hesitations in their voices or manner of speaking, in determining credibility. While defendant was a first-time offender, the district court observed that defendant had been convicted by the jury in this case of two separate rapes, occurring two years apart.

A comparison of defendant's punishment for the simple rape conviction with sentences imposed for similar crimes, particularly, in **Clark**, 05-0647 at 5, 918 So.2d at 556, and **Cleveland**, 12-0163 at 17, 115 So.3d at 588, raises questions as to the district court's imposition of the maximum sentence in this case. While a comparison of sentences imposed for similar crimes may provide some insight, "sentences must be individualized to the particular offender and to the particular offense committed." **State v. Batiste**, 594 So.2d 1, 3 (La.App. 1 Cir. 1991). It is within the purview of the district court to particularize the sentence because the district court "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." **State v. Cook**, 95-2784, p. 2 (La. 5/31/96), 674 So.2d 957, 958. The district court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence

7

of a manifest abuse of discretion by the trial court. **State v. Spencer**, 374 So.2d 1195, 1202 (La. 1979). Therefore, the only relevant question on review is "whether the [district] court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." **Cook**, 95-2784 at 3, 674 So.2d at 959, *quoting* **State v. Humphrey**, 445 So.2d 1155, 1165 (La. 1984).

In this case, defendant was indicted for two counts of forcible rape arising from separate incidents during which he took advantage of different intoxicated young women years apart. The district court imposed a sentence of 30 years, ten years shy of the maximum, with only two years being "without benefit," the minimum term of parole disability, for the 2004 forcible rape, while it imposed a sentence of 25 years, the maximum, for the 2006 simple rape. The district court did not explain why it punished defendant for less than the maximum sentence for the more serious offense of forcible rape, but imposed the maximum sentence for the less serious offense. However, we note that under La. R.S. 15:574.4(B)(1),[11] defendant would not become eligible for early release on parole on the 30-year forcible rape sentence until he served 25-and-a-half years of imprisonment at hard labor, which is longer than his 25-year simple rape sentence.

Important to the consideration of the excessiveness of the simple rape sentence is the fact that the district court ordered the sentences in this case to run concurrently. Under La. C.Cr.P. art. 883, it is presumed that consecutive sentences are ordinarily appropriate for crimes, as in the instant case, that do not form part of the same transaction or series of transactions. Apparently because defendant was a first-time

---

[11] "Notwithstanding any other provisions of law to the contrary, a person convicted of a crime of violence and not otherwise ineligible for parole shall serve at least eighty-five percent of the sentence imposed, before being eligible for parole." La. R.S. 15:574.4(B)(1).

felony offender,[12] the district court, after considering the sentences imposed for the forcible rape conviction and the simple rape conviction, believed that the imposition of concurrent rather than consecutive sentences was proper.[13]

The crime of simple rape presupposes that the defendant has taken advantage of the victim's abnormal state of mind induced by intoxication or any other cause. See La. R.S. 14:43(A).[14] That a defendant may have taken advantage of an

_____

[12] At the time of trial, defendant was technically a first offender and could not have been sentenced as a second offender under La. R.S. 15:529.1 on the simple rape conviction because he did not commit the 2006 sexual assault on J.H. after his 2009 conviction for the 2004 attack on R.A. See La. R.S. 15:529.1(A)(1), which at the time of the offenses, provided:

> Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: ....

See 2001 La. Acts 403, § 2, effective June 15, 2001. Louisiana R.S. 15:529.1(A)(1) was enumerated as La. R.S. 15:529.1(A) and rewritten by 2010 La. Acts 911, § 1 and 973, § 2 to read:

> Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows: ....

The habitual offender statute does not create a separate offense or punish an individual for past crimes; rather the statute increases punishment on the basis of an individual's status as a repeat offender. The goal is to deter and punish recidivism by punishing more harshly those who commit the most crimes because of their continuing disregard for the law. **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 677.

[13] See **State v. Underwood**, 353 So.2d 1013, 1019 (La. 1977) ("theory and practice" dictate that "concurrent rather than consecutive sentences are the usual rule, at least for a defendant without previous criminal record and in the absence of a showing that the public safety requires a longer sentence.").

[14] In pertinent part, La. R.S. 14:43 (A) provides:

> Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:

> (1) When the victim is incapable of resisting or of understanding the nature

9

unconscious or sleeping victim alone does not place him among the most blameworthy of offenders committing the crime of simple rape.[15] Nevertheless, the evidence related to the similar sexual assaults in this case shows that this defendant had engaged in a pattern of preying on young, incapacitated women, a factor the district court was free to consider in rendering the sentences in this case. Considering defendant's 2006 rape of J.H. in the context of his behavior over an extended period of time, rather than in isolation, we are unable to find that the district court manifestly abused its broad sentencing discretion by imposing the maximum term of imprisonment for the rape of J.H., particularly since the district court would have been justified in ordering consecutive sentences in this case, thus, extending the period for parole ineligibility.[16] Under the facts of this particular case, the reduction in sentencing exposure that defendant received by the district court's decision to

---

of the act by reason of a stupor or abnormal condition of mind produced by an intoxicating agent or any cause and the offender knew or should have known of the victim's incapacity.

(2) When the victim, through unsoundness of mind, is temporarily or permanently incapable of understanding the nature of the act and the offender knew or should have known of the victim's incapacity.

[15] Maximum sentences are ordinarily reserved for the worst offenders committing the most serious violations of the charged crime. See **State v. Lathers**, 444 So.2d 96, 100 (La. 1983); **State v. Telsee**, 425 So.2d 1251, 1253 (La. 1983); **State v. Quebedeaux**, 424 So.2d 1009, 1014 (La. 1982).

J.H. was not prevented from resisting the act by the use of force once she awoke and pushed defendant off her. However, J.H.'s resistance was too late to keep defendant from taking advantage of her while she was in alcohol aided, if not alcohol induced, sleeping condition on the couch. Because of her intoxicated state, defendant was able to, without resistance, take down J.H.'s pants and underwear and penetrate her in the commission of a simple rape before she regained full awareness of what was happening and responded.

[16] This holding is in accord with jurisprudential guidelines for sentence review under La. Const. art. I, § 20. See **State v. Strother**, 09-2357, p. 17 (La. 10/22/10), 49 So.3d 372, 382 ("[T]he goal of sentence review is not to fine tune the sentence imposed according to what an appellate court may conclude is the more appropriate punishment for the offense and for the particular offender, but to identify those sentences which fail to serve any of the recognized penological goals of sentencing and thus result in the needless infliction of pain and suffering.") (citation omitted).

order the sentences to run concurrently supports the constitutionality of defendant's

simple rape sentence.

**DECREE**

Finding no manifest abuse of the district court's broad sentencing discretion in this case, we reverse those portions of the appellate court decision that (1) vacated the simple rape sentence and (2) remanded the matter to the district court for resentencing. The district court's simple rape sentence is reinstated, and the matter is remanded for execution of the sentence.

**REVERSED IN PART; SIMPLE RAPE SENTENCE REINSTATED; REMANDED FOR EXECUTION OF SENTENCE.**