ROBERT A. CHAISSON, Judge.
|?Defendant, Ozaki R. Trice, appeals his conviction for aggravated rape, alleging that the evidence presented by the State was insufficient to support his conviction. For the reasons that follow, we affirm defendant’s conviction and sentence and remand the matter with instructions.

PROCEDURAL HISTORY

On December 10, 2009, a Jefferson Parish Grand Jury indicted defendant on one count of aggravated rape, a violation of LSA-R.S. 14:42.[1] Defendant pled not guilty at his arraignment on December 14, 2009. The matter proceeded to trial before a twelve-person jury on May 6, 2014. After considering the evidence presented, the jury, on May 8, 2014, returned a verdict of guilty as charged. On June 11, 2014, the trial court denied defendant’s motion for new trial and motion for post-verdict judgment of acquittal. Thereafter, the court sentenced defendant to |alife imprisonment without benefit of parole, probation, or suspension of sentence.[2] Defendant now appeals.

FACTS

This case involves allegations that defendant committed aggravated rape upon M.H.[3] by anal copulation between October 20, 2007, and July 3, 2009. At the time of the incidents, M.H., who was around eight years old, lived with his mother, Ms. H., his siblings, and his mother’s boyfriend, Chris Taylor, at the home of defendant’s mother, Ms. Evatte Trice.
On July 8, 2009, M.H. went to one of his regular counseling sessions with Nishia Talwar, who was treating him' for behavioral and emotional disorders, and disclosed to her that defendant had molested him. M.H. advised Ms. Talwar that he did not share this information with his mother because he was concerned over being “fussed at.” Ms. Talwar reported this information to the appropriate authorities, and on the following day, Deputy Stan Kerr of the Jefferson Parish Sheriffs Office was dispatched in response to a call about an aggravated rape.
After arriving at the victim’s residence on Jordan Drive, Deputy Kerr met with Ms. H. and Darrick Lang, a child protection investigator with the Department of Social Services. During his investigation *91 on the scene, Deputy Kerr learned that the sexual abuse consisted of five incidents of anal penetration which occurred at two different locations, that the alleged perpetrator was defendant, that the victim was M.H., and that the last alleged rape occurred between July 2 and July 3. Once Deputy Kerr gathered this information, he notified and turned the matter over to the detective bureau. In addition, Mr. Lang conducted interviews with M.H., Ms. |4H., and the other children in the house, and concluded that there was “enough substantial evidence to state that it is a valid case.” Based on Mr. Lang’s report, M.H. was removed from the family’s home.
M.H. was subsequently brought to Children’s Hospital for a physical examination. Dr. Adrienne Atzemis performed the exam, and at trial, she testified that the results of the exam were “normal” for a person of M.H.’s age. However, she also testified that most children who have been sexually abused have a normal exam, meaning that there is no tear, redness, bruise, or other visible indications.
Thereafter, on July 15, 2009, M.H. was brought to the Children’s Advocacy Center for a forensic interview. During his interview with Staci Lanza, M.H. recounted specific incidents where defendant would pull down his pants and “put his penis in [M.H.’s] butt.” Based on these disclosures by the victim, defendant was arrested.
Subsequently, in January of 2011, M.H., his mother, and defendant’s mother, Ms. Trice, went to the law office of Kenneth Beck, defendant’s former attorney. At that visit, M.H. was quiet and did not say anything. However, his mother executed an affidavit at that time stating that she did not believe that her son was raped. A few months later, the three returned to Mr. Beck’s office, at which time M.H. told the attorney that he had lied about being touched by defendant because defendant had punished him.
On April 12, 2011, Detective Cynthia Durham, the officer assigned to handle the investigation, met with M.H. and his mother, after learning that M.H. had met with defendant’s attorney in reference to the allegations. Detective Durham took a recorded statement during which M.H. said that Evatte Trice “had wanted him to lie and state that he was tired of getting whippings from [defendant], so that is why he made up the allegations of being sexually assaulted.” During the | .¡interview with Detective Durham, M.H. told her that the truth was he had been anally penetrated by defendant.
M.H.’s mother, Ms. H., did not believe M.H.’s allegations and was uncooperative throughout the proceedings. At some point, she left the state with M.H., and in January of 2014, she was arrested in Lafayette pursuant to a material witness warrant and was incarcerated until trial in this matter. At trial, Ms. H. admitted that she was close to defendant and that she had been smiling and laughing with him as they waited for the jury that morning. She further stated that defendant had watched her children numerous times, and she thought that defendant and M.H. got along fine. During trial, she informed the jury that she did not believe that her son was raped or touched at all.
At trial, fourteen-year-old M.H. testified regarding defendant’s sexual abuse of him. He recounted that defendant “put his penis in my butt.” According to M.H., this abuse started when he was eight years old, and it happened approximately five times, either at Evatte Trice’s house or “Uncle Kenny’s house.” M.H. testified about one specific incident that occurred during the school year at Ms. Trice’s house while he was getting ready for school. Defendant called M.H. into the bedroom and told him *92 to lie down on the bed. M.H. laid on his stomach on the bed while defendant stood behind him. Defendant removed M.H.’s pants and “put his penis in [M.H.’s] butt.” M.H. testified that his “butt felt wet” after defendant had finished, and that defendant wiped M.H. with a towel and told him not to tell anyone.
M.H. described another incident that occurred at Ms. Trice’s house when M.H. went into the kitchen to get water. According to M.H., defendant walked in, “stuck his middle finger” at him, and put him on the floor on his stomach. Defendant then “put his penis in [M.H.’s] butt.” Once again, M.H. described that | fihis “butt was wet,” and that defendant wiped it with a towel. During his testimony, M.H. told of another incident that occurred at “Uncle Kenny’s house” during the summer. M.H. was at the home with “B.J.” and “Junior” watching a movie. While M.H. and B.J. went into Junior’s room to get another movie, defendant walked in and told B.J. to get out. After B.J. left, defendant told M.H. to lie down. M.H. laid on the floor, and defendant “put his penis in [M.H.’s] butt.” Defendant told M.H. not to tell anyone what had happened.
At trial, defendant testified in his own behalf. Defendant stated that he never owned a gun.[4] In addition, he never threatened M.H., touched M.H. inappropriately, or anally raped M.H.

SUFFICIENCY OF THE EVIDENCE

In his sole assigned error, defendant contends that the trial court erred in denying his motion for post-verdict judgment of acquittal as the evidence presented by the State was insufficient to support the verdict of aggravated rape. Specifically, defendant asserts that there was no physical evidence of penetration, and therefore, there was a reasonable hypothesis of innocence that he did not commit aggravated rape.
The question of sufficiency of evidence is properly raised in the trial court by a motion for post-verdict judgment of acquittal under LSA-C.Cr.P. art. 821. State v. Jones, 12-750 (La.App. 5 Cir. 5/16/13), 119 So.3d 250, 255. A post-verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the State, does not reasonably permit a finding of guilty. LSA-C.Cr.P. art. 821(B). An appellate review of the denial of |7a motion for post-verdict judgment of acquittal is controlled by the standards set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the fight most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. State v. *93 Jones, 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
In the instant case, defendant was charged with one count of aggravated rape in violation of LSA-R.S. 14:42. Aggravated rape is defined, in pertinent part, as “a rape committed ... where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed ... [w]hen the victim is under the age of thirteen years.” LSA-R.S. 14:42(A)(4). When the rape involves vaginal or anal intercourse, any sexual penetration, however slight, is sufficient to complete the crime. LSA-R.S. 14:41(B).
Defendant now challenges .the sufficiency of the evidence used to convict him of aggravated rape and contends, in particular, that the State failed to prove the element of penetration. To support his argument, defendant points to the testimony of Dr. Atzemis that there was no physical evidence of penetration and that child victims commonly misconstrue close contact for actual penetration.
In the present case, Dr. Atzemis, who performed the physical examination on M.H., testified that the results of the exam were “normal” for a person of|sM.H.’s age. However, she also testified that most children who have been sexually abused have a normal exam, meaning that there is no bruise, tear, redness, or other visible, indications. In the case of anal penetration, even if the victim was abused on multiple occasions six or seven days prior to an exam, an exam could be classified as “normal.” Further, even in cases of full penetration, Dr. Atzemis explained that she would still expect to find a “normal exam,” based upon research data and her own experience as a clinician. Also, given that most children delay disclosure of abuse, any evidence of injury, such as anal fissures have already quickly healed.
Defendant is correct in his assertion that there was no physical evidence of sexual abuse. However, in sex offense cases, the testimony of the victim alone is sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific, or physical evidence to prove the commission of the offense. State v. Perkins, 11-162 (La.App. 5 Cir. 12/28/11), 83 So.3d 250, 255.
In this case, the jury was presented with-the testimony of the victim, M.H., who detailed being raped anally on several occasions by defendant. Specifically, M.H. testified that defendant “put his penis in [M.H.’s] butt” during the assaults. Likewise, in the forensic interview, M.H. described that defendant “put his penis in [M.H.’s] butt.” Although there was evidence adduced that defendant had recanted the allegations against defendant, M.H. testified about being pressured into giving the recantation to attorney Kenneth Beck.
In contrast to this testimony, defendant testified that he did not anally rapé M.H. In addition, Ms. H. testified that she did not believe that her son was raped. The jury also heard testimony that M.H. did not have any physical evidence of penetration and further that M.H. did not report any rectal bleeding or pain after the incidents.
 | (¡Presented with this conflicting testimony, the jury clearly believed M.H.’s trial testimony and found the allegations against defendant, including that of penetration, to be credible. The credibility of witnesses presenting testimony on factual matters is within the sound discretion of the trier of fact. The trier of fact shall evaluate the witnesses’ credibility, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness. It is not the function of the appellate court to second- *94-96 guess the credibility as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. State v. Anderson, 09-934 (La.App. 5 Cir. 3/23/10), 38 So.3d 953, writ denied, 10-908 (La.11/12/10), 49 So.3d 887.
Viewing the evidence in the light most favorable to the prosecution, we find that the evidence presented by the State was sufficient to convince a rational trier of fact that all of the elements of the crime, including the element of penetration, have been proven beyond a reasonable doubt. Accordingly, we find that the trial court did not err in denying defendant’s motion for post-verdict judgment of acquittal.

ERROR PATENT REVIEW

We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We find one error that requires correction.
The record does not reflect that defendant was notified of the sex offender registration requirements for his conviction of aggravated rape. LSA-R.S. 15:540, et seq., require registration of sex offenders, and LSA-R.S. 15:543(A) requires the trial judge to provide written notification of the registration and notification requirements of LSA-R.S. 15:542 and LSA-R.S. 15:542.1 to defendant. The trial court’s failure to provide this notice is an error patent that requires remand. State v. Lampkin, 12-391 (La.App. 5 Cir. 5/16/13), 119 So.3d 158, 168. Therefore, we remand the matter and instruct the district court to notify defendant of the general sex offender and child predator registration provisions by sending appropriate written notice to defendant within ten days of this opinion and to file written proof in the record that defendant received such notice. State v. Domangue, 12-760 (La.App. 5 Cir. 5/23/13), 119 So.3d 690, 697-98.
Accordingly, for the reasons set forth herein, we affirm defendant’s conviction and sentence and remand the matter with instructions to notify defendant of the sex offender registration and notification requirements.

AFFIRMED: REMANDED WITH INSTRUCTIONS

. The true bill was amended on May 6, 2014, and changed the starting date of the offense as well as the birthdate of the victim.

. While the commitment reflects that defendant’s sentence was to be served at hard labor, the transcript does not so reflect. However, since the statute, LSA-R.S. 14:42, mandates hard labor and there is no discretion allowed, the trial court’s failure to state that defendant’s sentence was to be served at hard labor is harmless, and no corrective action is required. State v. Pollard, 12-346 (La.App. 5 Cir. 12/18/12), 106 So.3d 1194, 1202, writ denied, 13-140 (La.6/21/13), 118 So.3d 408.

. In accordance with LSA-R.S. 46:1844(W)(3), the victim, who is a minor, and his family will be referred to by their initials to protect the victim’s identity.

. At one point, M.H. apparently told Seth Shute, an attorney with the Jefferson Parish District Attorney's Office, that defendant had threatened to hurt M.H.’s mother with a gun and that the fear of his mother getting hurt resulted in a delay of the disclosure of the rapes. However, at trial, M.H. testified that defendant did not threaten to hurt his mother with a gun.