# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-446

**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER LEE WAGNON**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 91693
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Marc T. Amy, Judges.

**AFFIRMED. REMANDED WITH INSTRUCTIONS.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Christopher Lee Wagnon**

**Asa A. Skinner**
**District Attorney**
**Post Office Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Terry W. Lambright**
**118 S. Third Street, Suite A**
**Leesville, LA   71446**
**(337) 239-6557**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**AMY, Judge.**

Pursuant to a plea agreement, the defendant entered guilty pleas to three counts of oral sexual battery and to one count of third degree rape. The trial court subsequently imposed seven-year, hard labor sentences for each of the three convictions for oral sexual battery and ordered that they be served without benefit of parole, probation, or suspension of sentence. The trial court further imposed a twenty-year sentence, also to be served at hard labor and without benefit of parole, probation, or suspension of sentence, for the third degree rape conviction. The trial court ordered that all sentences are to be served concurrently. The defendant appeals. For the following reasons, we affirm. We further remand this matter with instructions regarding registration and notification requirements.

### Factual and Procedural Background

By October 2017 bill of information, the State charged the defendant, Christopher Lee Wagnon, with five counts or oral sexual battery, violations of La.R.S. 14:43.3(A)(1); one count of sexual battery, a violation of La.R.S. 14:43.1; one count of indecent behavior with juveniles, a violation of La.R.S. 14:81(A)(1); and one count of third degree rape, a violation of La.R.S. 14:43(A)(1). Although initially entering a plea of not guilty, the defendant entered into a plea agreement in January 2018. Thereby, the defendant changed his plea to guilty of three counts of oral sexual battery and guilty of one count of third degree rape. The State offered the following factual background for the plea:

> On the Bill of Information 91,693, Judge, generally it is contended that back between the period of time of July, 2016 through a period of time of January of 2017 that on a number of occasions, numerous occasions, that this defendant did travel to the grandparents['] home of the young victim, M.T.,[1] who at the time - - his date of birth was

---

[1] Initials of the victims are used to protect their identity in accordance with La.R.S. 46:1844(W).

10/18/02, and on those occasions did solicit this 14 year old at the time by enticing him with tobacco, alcohol, for sexual favors. That occurred on numerous times with this young victim. With respect to the other victim, C.V., whose date of birth was 10/13/2002, on at least several of those occasions this victim was present and this defendant did also through solicitation with alcohol and tobacco did engage this young man to engage in sexual acts. For purposes particularly of the counts the State would contend in Count Number 1 that this defendant did commit oral sexual battery upon M.T., a male juvenile, whose date of birth was 10/18/02 and that he did intentionally touch the genitals of the victim, M.T., with his mouth. The victim was not the spouse of the offender and the victim was under the age of 15 and the victim was at least three years younger than the offender. That occurred on July - - in July of 2016. Under Count Number 2 of that Bill of Information the State would again contend that this defendant did commit oral sexual battery upon M.T., a male juvenile, whose date of birth was 10/18/02 in that he did intentionally touch the genitals of the victim, M.T., with his mouth. The victim again was not the spouse of the offender and the victim was under the age of 18 and the victim was at least three years younger than the offender. Again, under Bill of Information 91,693, Count Number 7, the State would contend that this defendant committed oral sexual battery upon C.V., a male juvenile, whose date of birth was 10/13/02 in that he did intentionally touch the genitals of the victim, C.V., with his mouth. The victim was not the spouse of the offender and the victim was under the age of 15 and the victim was at least three years younger than the offender. Under Count 8 of Bill of Information 91,693 it's contended that this defendant committed third degree rape in that he did engage in anal sexual intercourse with C.V. whose date of birth was 10/13/02, a male juvenile, without lawful consent because the victim, C.V., was incapacitated at the time and incapable of resisting or understanding the nature of the act by reason of a stupor or some abnormal condition of the mind produced by intoxicating agents. The offender knew or should have known that the victim was incapacitated at the time. All of these events occurred in Vernon Parish, State of Louisiana ….

Pursuant to the plea agreement, the State dismissed the remaining charges.

In March 2018, the trial court sentenced the defendant to seven years at hard labor without benefit of parole, probation, or suspension of sentence for each count of oral sexual battery and to twenty years at hard labor without benefit of parole, probation, or suspension of sentence for third degree rape, with credit for time served. The sentences are to run concurrently.

The defendant thereafter filed a motion to reconsider sentence, claiming that the twenty-year sentence for third degree rape—to be served without benefit of parole,

probation, or suspension of sentence—was excessive for a first felony offender who cooperated with authorities and gave a voluntary statement admitting the crimes. The trial court denied that motion by order explaining that: "Considering the record, PSI, law, specifically both mitigating and aggravating factors in CCr.P. Art. 894.1 the defendant's motion lacks merit."

The defendant appeals, assigning the following as error:

**1)** The sentences imposed by the trial court violate[] the Eighth Amendment of the Constitution of the United States and La. Const[.] Art. I, § 20, as they are nothing more than cruel and unusual punishment and, thus, excessive.

**2)** The trial court erred in failing to properly advise Appellant of the lifetime reporting requirements required by La. R.S. 15:544(B)(2)(a).

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. An error patent is one "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La.Code Crim.P. art. 920(2). On review, we find no errors patent.

*Excessiveness of the Sentence*

In his first assignment of error, the defendant contends that his sentences are excessive, representing unconstitutional cruel and unusual punishment. *See* U.S. Const. amend. VIII; La.Const. art. I, § 20. Asserting that "[a]ll four sentences are in the upper-range of sentencing possibilities[,]"[2] the defendant contends that such an

---

[2] As reported above, the trial court sentenced the defendant to concurrent, seven-year, hard labor sentences for each of the oral sexual battery convictions. In pertinent part, La.R.S. 14:43.3 provides: "C. (1) Whoever commits the crime of oral sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than ten years."

Further, and relevant to consideration of the twenty-year, hard labor sentence for third degree rape, La.R.S. 14:43(B) provides: "Whoever commits the crime of third degree rape shall be

imposition was inappropriate under the circumstances of the case. He argues that the underlying offenses were not the most egregious violations of the statutes. The defendant further references various mitigating factors, including his young age (twenty seven at the time of sentencing), his first felony offender status, his cooperation as reflected by his participation in the plea agreement, and his own history as a victim of sexual abuse.

Before turning to consideration of the defendant's assignment, we address the State's contention that the defendant waived his right to appeal his sentence as part of his plea agreement. Reference to the signed "Plea Agreement" contained within the record indicates that:

> By accepting this plea agreement, the defendant waives, releases and relinquishes any and all rights to appeal the conviction and sentence resulting from this plea agreement, whether on direct appeal or by application for post-conviction relief, motion to modify sentence, motion to correct sentence, application for habeas corpus relief, or otherwise.

However, the record further includes the "Waiver of Constitutional Rights *and* Plea of Guilty" form providing that:

> I understand that I have thirty days after the rendition of the judgment to file a motion to appeal my sentence or any other orders or judgments of the court.

Additionally, at the sentencing hearing, the trial court informed the defendant that: "You have 30 days after the judgment or ruling from which the appeal is taken [sic] either in open court or by written motion."

In *State v. McAdory*, 17-571 (La.App. 3 Cir. 1/4/18), 237 So.3d 539, a panel of this court recently considered the waiver argument advanced by the State. Comparison indicates that the defendant in that case ostensibly waived his right to

---

imprisoned at hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years."

4

raise sentencing issues on appeal by signing a plea agreement form using the same language as that now under consideration. The panel explained:

> [T]he question is whether the clause stating that Defendant waives his right to appeal his conviction and sentence should be upheld as valid. The State argues that because the supreme court found in *State v. Bordelon*, 07-525 (La. 10/16/09), 33 So.3d 842, that even a capital defendant sentenced to death may waive his right to appeal, the waiver should be considered valid so long as it was given knowingly and intelligently. We caution, however, that the *Bordelon* court also noted it was still required to review the defendant's capital sentence for excessiveness under La.Code Crim.P. art. 905.9. Although the excessiveness issue in *Bordelon* is not relevant in the instant matter, we note that the trial court instructed Defendant at sentencing that, "[y]ou have two years from the date this sentence becomes final to assert any claim for post conviction relief and you have 30 days in which to file an appeal." We will, therefore, address Defendant's appeal.

*Id.* at 543. Given the record before the court, we find that the circumstances of this case similarly render consideration of the defendant's sentence for excessiveness appropriate. Accordingly, we turn to that review.

First, and while the terms of imprisonment imposed in this matter are within the applicable statutory range, such a sentence may be excessive under certain circumstances, *i.e.*, when it is found to be "so grossly disproportionate to the severity of the crime as to shock our sense of justice" or "makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering." *State v. Guzman*, 99-1528, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167.

In *State v. Fruge*, 14-1172, p. 6 (La. 10/14/15), 179 So.3d 579, 583 (citations omitted), *writ denied*, 14-1180 (La. 10/14/15), 179 So.3d 595, the supreme court further explained that:

> In determining whether the penalty is grossly disproportionate to the severity of the crime, a reviewing court must consider the punishment and the crime in light of the harm to society caused by its commission and decide whether the penalty is so disproportionate to the crime committed as to shock the sense of justice.

The following factors are useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime: the nature of the offense and the offender, a comparison of the punishment in this case with the sentences imposed for similar crimes, the legislative purpose behind the punishment, a comparison of the punishment with sentences imposed for similar crimes, and a comparison of the punishment provided for this crime in other jurisdictions.

Also, as urged by the defendant in his brief to this court, sentences that are "at or near the maximum should ordinarily apply only to the most blameworthy offenders committing the most serious violations of the described offense." *State v. LeBlanc*, 09-1355, p. 10 (La. 7/6/10), 41 So.3d 1168, 1173. Importantly, an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

Following review, we find that the record supports the sentences imposed. At the sentencing hearing, the trial judge explained that it considered letters written on the defendant's behalf, including one written by the defendant, along with a pre-sentence investigation, and the sentencing guidelines of La.Code Crim.P. art. 894.1. After it filed the PSI and letters into the record, the trial court explained that:

> In the pre-sentence investigation, Mr. Wagnon was charged with … eight different felony counts, all involving some type of inappropriate and illegal sexual contact between a male person and somebody who is a juvenile and, so, he plead guilty to four of those as I went over earlier. And, Mr. Wagnon, as far as criminal history, is a first felony offender, so he has a pending theft charge in Allen Parish as well, according to the pre-sentence, that has not been dealt with at this point.

> Substantial grounds do not exist to justify or excuse Mr. Agnon's conduct in this matter. He did not act under strong provocation by the victim or others, matter of fact, he either - - he bought them alcohol and got them drunk and then he would perform oral sex or anal sex on the victim.

> He's approximately 27 years old, he seems to be in good health, his employment is with Cajun Dave's in Oberlin from the PSI, he graduated high school and attended some college at McNeese State University, does not - - PSI does not reveal any type of history of drugs or alcohol abuse. He had not received any treatment in the past, he is a

6

first time felony offender, though he does have another current pending felony charge. Mr. Wagnon is not likely to respond favorably to probationary treatment. There is an undue risk that during the period of a suspended sentence or any type of probation that the defendant will commit another crime. The defendant is in need of correctional treatment or a custodial environment will be the most effective means to this case and a lesser sentence will deprecate the seriousness of the defendant's offense.

Reference to jurisprudence involving similar considerations as that remarked upon by the trial court reflects commensurate sentences. For example, in *State v. Jones*, 15-0123 (La.App. 4 Cir. 12/2/15), 182 So.3d 251, *writ denied,* 16-0027 (La. 12/5/16), 210 So.3d 810, the defendant was originally charged with aggravated rape and second degree kidnapping in the beating and rape of his former girlfriend, but the charges were amended to aggravated second degree battery and forcible rape. A jury convicted the defendant of second degree battery and simple rape.[3] After the attack, the victim suffered panic attacks, post-traumatic stress syndrome, depression, anxiety, and required extensive therapy and medication. The defendant in that case had no prior felony convictions, was thirty-two years old, had earned a high school diploma, and had job prospects as a restaurant manager. The defendant received the maximum sentence of twenty-five years for simple rape and five years for second degree battery. The trial court ordered that the sentences be served concurrently.

In *State v. Martinez*, 39,332 (La.App. 2 Cir. 12/22/04), 890 So.2d 761, the seventeen-year-old defendant was charged with two counts of oral sexual battery involving two female juveniles. He entered a plea of guilty to one count, and the State dismissed the other count. The defendant had no criminal history, but the trial court found no other mitigating factors. He had been drinking on the evening of the single incident. The second circuit noted the significant reduction in sentencing exposure

---

[3] Louisiana Revised Statutes 14:43 now refers to "simple rape" as "third degree rape," the crime to which Defendant pled guilty.

the defendant gained from his plea agreement and affirmed the trial court's imposition of the maximum ten-year sentence.

Finally, in *Fruge*, 179 So.3d 579, the defendant was convicted of the forcible rape of one victim and the simple rape of a second victim two years later. On review, the supreme court considered whether the trial court abused its sentencing discretion by imposing the maximum, twenty-five year sentence for simple rape. In addition to the observation that the defendant's conduct in that case was violent, brutal, and manifested deliberate cruelty, the supreme court pointed out that he was convicted of "separate incidents during which he took advantage of different intoxicated young women years apart." *Fruge*, 179 So.3d at 584. The supreme court continued, explaining:

> Important to the consideration of the excessiveness of the simple rape sentence is the fact that the district court ordered the sentences in this case to run concurrently. Under La.C.Cr.P. art. 883,[4] it is presumed that consecutive sentences are ordinarily appropriate for crimes, as in the instant case, that do not form part of the same transaction or series of transactions. Apparently because defendant was a first-time felony offender, the district court, after considering the sentences imposed for the forcible rape conviction and the simple rape conviction, believed that the imposition of concurrent rather than consecutive sentences was proper.

> The crime of simple rape presupposes that the defendant has taken advantage of the victim's abnormal state of mind induced by intoxication or any other cause. *See* La.R.S. 14:43(A). That a defendant may have taken advantage of an unconscious or sleeping victim alone does not place him among the most blameworthy of offenders committing the crime of simple rape. Nevertheless, the evidence related to the similar sexual assaults in this case shows that this defendant had engaged in a pattern of preying on young, incapacitated women, a factor the district

---

[4] Louisiana Code of Criminal Procedure Article 883 provides:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.

court was free to consider in rendering the sentences in this case. Considering defendant's 2006 rape of J.H. in the context of his behavior over an extended period of time, rather than in isolation, we are unable to find that the district court manifestly abused its broad sentencing discretion by imposing the maximum term of imprisonment for the rape of J.H., particularly since the district court would have been justified in ordering consecutive sentences in this case, thus, extending the period for parole ineligibility. Under the facts of this particular case, the reduction in sentencing exposure that defendant received by the district court's decision to order the sentences to run concurrently supports the constitutionality of defendant's simple rape sentence.

*Id.* at 584-86 (footnotes omitted).

Similar to *Fruge*, 179 So.3d 579, the defendant in this case received substantial benefit from his plea agreement. Had he been convicted as originally charged, he would have been exposed to possible sentences of up to ten years on each of five counts of oral sexual battery, up to ten years for sexual battery, up to seven years and a $5,000 fine for indecent behavior with a juvenile, and up to twenty-five years for third degree rape. Thus, the defendant was exposed to a total possible sentence of ninety-two years in prison and a $5,000 fine. Even on the charges to which the defendant pled guilty, he was exposed to possible sentences totaling fifty-five years in prison. However, and despite the time period over which the separate offenses occurred,[5] the trial court imposed concurrent sentences, resulting in a significant benefit to the defendant. *See* La.Code Crim.P. art. 883. *See also Fruge*, 179 So.3d 579.

Given the circumstances of the offenses as reflected in the record, the trial court's articulation of aggravating and mitigating circumstances, and the benefit obtained through the defendant's plea, we find that the trial court did not abuse its

_____

[5] The defendant was convicted of two counts of oral sexual battery occurring in July of 2016 and November of 2016 involving M.T. and a third count of oral sexual battery in January of 2017 involving C.V. Additionally, he was convicted of the third degree rape of C.V. in January of 2017.

sentencing discretion. Rather, the record reveals an adequate factual basis for its imposition of the defendant's sentences.

*Offender Notification Requirements*

In his final assignment, the defendant argues that the trial court failed to advise him of the lifetime reporting requirements of La.R.S. 15:544(B)(2)(a)[6] for those convicted of third degree rape. The defendant requests that this matter be remanded to the trial court with instructions to provide him with the proper written notification of the duration and frequency of his sex offender registration.

With regard to registration and notification requirements, Louisiana Revised Statutes 15:543(A) requires the trial judge to "provide written notification to any person convicted of a sex offense and a criminal offense against a victim who is a minor of the registration requirements and the notification requirements …." The record in this case includes a "Notification to Sex Offender" form that sets out four options for the trial court to indicate the length of time a defendant must register as a sex offender. Additionally, the defendant acknowledged his signature on the form at the plea hearing and responded "No, sir[,]" when the trial court inquired whether he had any questions concerning that form, or others, pertinent to the hearing. However,

---

[6] Titled "**Duration of registration and notification period**[,]" La.R.S. 15:544(B) provides, in pertinent part:

> (2) Any of the following persons required to register pursuant to this Chapter shall register and provide notification for the duration of their lifetime, even if granted a first offender pardon, unless the underlying conviction is reversed, set aside, or vacated, except for those convictions that were reversed, set aside, or vacated pursuant to Code of Criminal Procedure Article 893 or 894, or a similar provision of federal law or law from another state or military jurisdiction:

> (a) A person required to register pursuant to this Chapter who was convicted of an aggravated offense as defined in R.S. 15:541.

Under La.R.S. 15:541(2)(c)(ii), "[a]ggravated offense" includes a conviction of "third degree rape under the provisions of R.S. 14:43 which occurred on or after August 1, 2015."

10

the included form does not reflect the designation of any of the four time periods applicable to various offenses. Given that silence, we find merit in the defendant's assertion that the trial court did not provide adequate notice to him that his guilty plea to third degree rape requires lifetime registration.

For that reason, we remand this matter with instructions to the trial court to notify the defendant of his notification and registration requirements by sending written notice to him within ten days of this opinion and to file written proof of the defendant's receipt of the notice in the record. *See, e.g.*, *State v. Trice*, 14-636 (La.App. 5 Cir. 12/16/14), 167 So.3d 89; *State v. Morning*, 49,300 (La.App. 2 Cir. 10/1/14), 149 So.3d 925, *writ denied*, 14-2354 (La. 2/19/16), 186 So.3d 1179.

## DECREE

For the foregoing reasons, the convictions and sentences of the defendant, Christopher Lee Wagnon, are affirmed. We remand this matter with instructions to the trial court to notify the defendant of his notification and registration requirements for sex offenders by sending written notice to him within ten days of rendition of this opinion and to file written proof of the defendant's receipt of the notice in the record

**AFFIRMED. REMANDED WITH INSTRUCTIONS.**

11