50,869 (La.App. 2 Cir. 9/28/16)

**STATE of Louisiana, Appellee**

v.

**Kevin O'Brien ALLEN, Appellant**

**No. 50,869-KA**

Court of Appeal of Louisiana, Second Circuit.

September 28, 2016

---

CAREY J. ELLIS, III, Louisiana Appellate Project, Counsel for Appellant

J. SCHUYLER MARVIN, District Attorney, JOHN MICHAEL LAWRENCE, ALEXANDRA AIELLO, Assistant District Attorneys, Counsel for Appellee

Before CARAWAY, LOLLEY and STONE, JJ.

LOLLEY, J.

This criminal appeal arises from the 26th Judicial District Court, Bossier Parish, State of Louisiana. After being convicted on two counts of distribution of marijuana, Kevin O'Brien Allen was charged and adjudicated a fifth-felony habitual offender pursuant to La. R.S. 15:529.1. Allen's prior sentences on the distribution convictions were vacated, and he was sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. For the following reasons, Allen's adjudication and sentence are affirmed.

## FACTS

On December 27, 2012, and March 13, 2013, Allen was arrested for the sale of marijuana to a confidential informant. He was charged with two counts of distribu-tion of marijuana, in violation of La. R.S. 40:966(A). Prior to trial, Allen declined the state's plea offer of five years at hard labor on each count, to run concurrently, and the state's agreement not to file habit-ual offender charges.[1] After a jury trial, by a vote of 11-1, Allen was found guilty as charged, and sentenced to 10 years at hard labor on each count, imposed to run con-currently. to each other and consecutively to any other sentences. Allen's convictions and sentences were affirmed on appeal. *State v. Allen*, 49,642 (La.App. 2 Cir. 2/26/15), 162 So.3d 519, *writ denied*, 2015–0608 (La. 1/25/16), 184 So.3d 1289.

Subsequently, the state charged Allen as a fifth-felony habitual offender under La. R.S. 15:529.1. Allen was represented by the public defender's office; he waived ar-raignment, declined the state's plea offer of 20 years at hard labor, and pled not guilty. At Allen's habitual offender hear-ing, Detective Gary Bass, of the Bossier Parish Sheriff's department, an expert in identification and comparison of latent fin-gerprints, compared the fingerprints from Allen's prior convictions against the finger-prints taken from Allen in court that day and confirmed the match. Based on the evidence presented, Allen was found to be a fifth-felony habitual offender, and the trial court vacated Allen's prior two sen-tences and sentenced him under La. R.S. 15:529.1 to life in prison.

Allen filed a motion to reconsider sen-tence, claiming that his sentence was un-constitutionally excessive in light of the circumstances and his background. The trial court denied the motion, and Allen's appeal followed.

## DISCUSSION

On appeal, Allen urges two assignments of error, both of which involve the alleged

---

1. The record indicates that Allen declined two plea offers prior to trial, on January 13, 2014, and March 17, 2014.

excessiveness of his sentence. Whereas he does not challenge the habitual offender adjudication or the sufficiency of evidence to find that he is a fifth-felony habitual offender, Allen argues that the trial court erred in sentencing him to life imprisonment without benefits. He contends his sentence is an unlawful punishment with the harshest sentence possible aside from death, and claims he received this punishment because he exercised his constitutional rights to elect a trial by jury and have a habitual offender hearing. Allen asserts that the trial court erroneously focused more on the fact that he declined the state's plea offers and punished him for declining those offers. He further contends that he was sentenced to two life sentences. We find Allen's arguments have no merit.

 Louisiana R.S. 15:529.1 exposes a person who has previously been convicted of a felony to enhanced penalties for any felony committed after ⌊₃the date of the prior felony conviction. *State v. Thurman*, 46,391 (La.App. 2 Cir. 6/22/11), 71 So.3d 468, *writ denied*, 2011–1868 (La. 2/3/12), 79 So.3d 1025. Where there is a mandatory sentence required by the statute, there is no need for the trial court to justify, under La. C. Cr. P. art. 894.1, a sentence it is legally required to impose. *State v. Thomas*, 41,734 (La.App. 2 Cir. 1/24/07), 948 So.2d 1151, *writ denied*, 2007–0401 (La. 10/12/07), 965 So.2d 396. If a defendant who has been convicted of an offense is sentenced to imprisonment, the trial court shall impose a determinate sentence. La. C. Cr. P. art. 879.

 An appellate court ordinarily utilizes a two-pronged test in reviewing a sentence for excessiveness. The first prong is review for compliance with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So.2d 688 (La.1983). However, in the case of a mandatory sentence the court is not required to justify the sentence under art. 894.1.

*State v. Thurman, supra.* Nevertheless, this record shows thorough compliance with the article, as discussed below.

 Second, the appellate court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001–0467 (La. 1/15/02), 805 So.2d 166; *State v. Robinson*, 40,983 (La.App. 2 Cir. 1/24/07), 948 So.2d 379. As a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst ⌊₄offenses. *State v. Cozzetto*, 2007–2031 (La. 2/15/08), 974 So.2d 665; *State v. McKinney*, 43,061 (La.App. 2 Cir. 2/13/08), 976 So.2d 802.

 A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Zeigler*, 42,661 (La.App. 2 Cir. 10/24/07), 968 So.2d 875. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. *State v. Kidd*, 45,638 (La.App. 2 Cir. 11/3/10), 55 So.3d 90.

Louisiana R.S. 15:529.1(A)(4) mandates sentencing for fourth or subsequent felony habitual offenders when, upon a first conviction, the offense would be punishable by imprisonment for any term less than natural life. The statute states, in pertinent part:

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not

less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or

(b) If the fourth felony and two of the prior felonies are felonies defined as ... a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more ... the person *shall be* imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. [Emphasis added].

The record shows that the trial court sentenced Allen under section 529.1 but did not specify (A)(4)(a) or (b). Significantly, subsection (b) carries a mandatory minimum sentence of life, while subsection (a) carries a mandatory minimum sentence of 20 years and a maximum sentence of life. Here, it is unclear which provision the trial court applied, but we find that under either provision the sentence imposed is not excessive or unconstitutional.

Allen argues that sentencing under subsection 529.1(A)(4)(b) is improper because although all of his prior convictions listed in the habitual offender bill were drug offenses, only the instant two drug convictions and one of the prior drug convictions were punishable by a sentence of 10 years or more. Allen does not lend any factual support to this claim.

The habitual offender bill charging Allen as a fifth-felony offender lists four predicate felony convictions:

1. On April 6, 2004, Allen pled guilty to possession of marijuana with intent to distribute, in violation of La. R.S. 40:966(A), in the 26th Judicial District Court, Bossier Parish, Docket No. 122,-682. He was sentenced to five years at hard labor, suspended, with three years' active supervised probation. His probation was revoked on September 20, 2004.[2]

2. On December 10, 2007, Allen pled guilty to possession of marijuana, second offense, in the First Judicial District Court, Caddo Parish, Docket No. 262,-678. He was sentenced to one year at hard labor, with credit for time served.[3]

3. On January 12, 2011, Allen was found guilty of possession of marijuana, second-offense, in the 26th Judicial District Court, Bossier Parish, Docket No. 177,-534. He was sentenced to one year in the parish jail and a $500.00 fine.[4]

4. On May 21, 2013, Allen pled guilty to possession of a Schedule II controlled dangerous substance, methamphetamine, in the First Judicial District Court, Caddo Parish, Docket No. 310,-460. He was sentenced to one year at hard labor, with credit for time served, and a $500.00 fine or 60 days in parish jail.[5]

All of the offenses listed on Allen's habitual offender bill are violations of the Uniformed Controlled Dangerous Substances Law. Notably, felonies one and four are punishable by imprisonment of a term of 10 years or more. Under La. R.S.

. A conviction for possession of marijuana with intent to distribute under La. R.S. 40:966(B)(3), at the time of Allen's offense in August 2003, carried a hard labor sentence of 5-30 years.

. A conviction for possession of marijuana, second-offense, under La. R.S. 40:966(E)(2), at the time of Allen's offense in September 2007, carried a sentence of 0-5 years, with or without hard labor.

. A conviction for possession of marijuana, second-offense, under La. R.S. 40:966(E)(2), at the time of Allen's offense in November 2009, carried a sentence of 0-5 years, with or without hard labor.

. A conviction for possession of methamphetamine, under La. R.S. 40:967(B), at the time of Allen's offense in October 2012, carried a sentence of 2-30 years at hard labor.

15:529.1(A)(4)(b), Allen meets the requirements to receive the statutorily mandated minimum sentence of life imprisonment under subsection (b). However, the record evidences that the trial court also went through a detailed reasoning for the sentence imposed following the criteria set forth in La. C. Cr. P. art. 894.1, and supports a maximum sentence of life imprisonment allowed under subsection (a).

A presentence investigation report ("PSI") was ordered before Allen was sentenced for his March 18, 2014 convictions. The trial court referred to this PSI when it sentenced him as a fifth-felony habitual offender. That PSI revealed Allen had prior convictions for criminal trespass (pled down from simple burglary of an inhabited dwelling) (2001); possession of a Schedule I controlled dangerous substance (2001); possession of marijuana with intent to distribute (2004); possession of marijuana, second-offense (2007); forgery (2009); possession of marijuana, second-offense (2011); misdemeanor theft (from forgery) (2012); misdemeanor theft (2012); and possession of a Schedule II controlled dangerous substance, methamphetamine (2013). Additionally, there were numerous other arrests for which there was no disposition listed or the charges were *nol prossed*, including charges for battery on a police officer; resisting an officer; flight from an officer; possession of marijuana, third-offense; possession of drug paraphernalia; possession with intent to distribute cocaine; and, two counts of solicitation of murder.

Allen was 32 years old at the time of the PSI, which reflected that he obtained his GED and held jobs working construction, landscaping, oilfield work, tree services, and concrete work. Allen was never married, but has two children. In his PSI, Allen stated that he had been addicted to marijuana since the age of 16, he was not a drug dealer, but he had a marijuana problem and needed help. He acknowledged his criminal record but said that he had not committed murder, armed robbery, or rape, and he was not a threat to society.

 The trial court stated during the habitual offender sentencing hearing:

Based on the evidence before the court, pursuant to La. R.S. 15:529, *et. seq.*, Mr. Allen, I do find that you are a fifth-felony offender and that all of your five, felony criminal convictions are drug-related and they span over a period of about years from 2004 to 2014. And it just seems like about every so often you get picked up on a drug charge that you either pled guilty to or are found guilty to. You've still not ever taken responsibility for the last one that you were convicted of in front of me where the baggies, gallon bags of marijuana were on the floorboard of the car that you were in and you said you didn't have any idea, you didn't know anything about them.

Although, the trial court did not specify whether sentencing was under La. R.S. 15:529.1(A)(4)(a) or (b), we find that Allen's sentence is not unconstitutional or excessive, considering that the trial court was statutorily mandated under subsection (b) to impose the sentence Allen received, and further went to great lengths to explain the reasoning for the maximum sentence under subsection (a). Nothing in the record shows that Allen is being unfairly punished for not accepting the offered plea deal. However, the record does reflect that Allen knew turning down the plea offer meant the possibility of being charged under the habitual offender statute and the potential of receiving a sentence harsher than the 20 years previously offered.

Although we note that during Allen's habitual offender hearing, two convictions and sentences were vacated, we find nothing in the record to support Allen's assertion that two life sentences were imposed.

As a result of being adjudicated a fifth-felony offender, Allen has been sentenced under the habitual offender law to serve one sentence of life imprisonment without benefit of probation, parole, or suspension of sentence.

## CONCLUSION

For the forgoing reasons, Kevin O'Brien Allen's habitual offender adjudication and sentence are affirmed.

**AFFIRMED.**