Judgment rendered May 22, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,701-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

KEVIN O'BRIEN ALLEN                   Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 199,853

Honorable Michael Owens Craig, Judge

* * * * *

JANE HOGAN                            Counsel for Appellant

J. SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

RICHARD RUSSELL RAY
Assistant District Attorney

* * * * *

Before PITMAN, HUNTER, and MARCOTTE, JJ.

HUNTER, J., dissents with written reasons.

**PITMAN, J.**

A jury found Defendant Kevin O'Brien Allen guilty as charged of two counts of distribution of a Schedule I Controlled Dangerous Substance, i.e., marijuana. The trial court sentenced him to concurrent 10-year sentences on each count, to run consecutively to any other sentence. The trial court then adjudicated Defendant a fifth-felony habitual offender and sentenced him to life in prison. The Louisiana Supreme Court granted Defendant's application for post-conviction relief, vacated his sentence and remanded this matter to the trial court with instructions to resentence him to a term of imprisonment that is not constitutionally excessive. On remand, the trial court sentenced Defendant to serve 35 years at hard labor with credit for time served. For the following reasons, we affirm Defendant's sentence.

## FACTS

On June 14, 2013, the state charged Defendant with two counts of distribution of a Schedule I Controlled Dangerous Substance, in violation of La. R.S. 40:966, and alleged that he distributed marijuana on December 27, 2012, and March 13, 2013. A jury found him guilty as charged. The trial court sentenced him to concurrent sentences of ten years at hard labor on each count to be served consecutively with any other sentence. In *State v. Allen*, 49,642 (La. App. 2 Cir. 2/26/15), 162 So. 3d 519, *writ denied*, 15-0608 (La. 1/25/16), 184 So. 3d 1289, this court affirmed his convictions and sentences.

On June 16, 2015, the state charged Defendant as a fifth-felony habitual offender. Following a hearing, the trial court adjudicated him a fifth-felony habitual offender based on the predicate offenses of possession with intent to distribute marijuana; two convictions of possession of

marijuana, second offense; and possession of a Schedule II Controlled Dangerous Substance, i.e., methamphetamine. It vacated the ten-year sentences and resentenced him under La. R.S. 15:529.1 to life in prison. In *State v. Allen*, 50,869 (La. App. 2 Cir. 9/28/16), 206 So. 3d 1093, *writ denied*, 16-2046 (La. 9/15/17), 225 So. 3d 484, this court affirmed his habitual offender adjudication and sentence.

On October 29, 2021, Defendant filed an application for post-conviction relief and argued that he was denied effective assistance of counsel regarding his habitual offender sentencing. The trial court denied the application for post-conviction relief, and this court denied Defendant's application for supervisory review. In *State v. Allen*, 22-00508 (La. 11/1/22), 348 So. 3d 1274, the Louisiana Supreme Court granted the writ. It stated that defense counsel failed to apprise the trial court of its duty to depart from the mandatory life sentence on the grounds that it was excessive and failed to present any mitigating evidence, including that none of the predicate offenses were violent or sexual in nature. *Id.* The supreme court vacated Defendant's life sentence and remanded to the trial court with instructions to resentence him to a term of imprisonment that is not constitutionally excessive. *Id.* It noted that although "ameliorative sentencing changes may not apply retroactively, they may guide the court when imposing the new sentence." *Id.* In a footnote, it explained that "[i]n 2017, the Louisiana Legislature passed ameliorative amendments to the Habitual Offender Law, such that, if he were convicted today, [Defendant] would not be subject to a mandatory minimum life sentence, but rather a minimum 20-year sentence." *Id.*, *citing* La. R.S. 15:529.1(A)(4)(b).

2

A sentencing hearing was held on May 1, 2023. Defendant presented four witnesses. Rodney Guin, Defendant's high school football coach, testified that he did not have any negative interactions with Defendant and that his family were loyal supporters of the team. On cross-examination, he stated that he has not had regular interactions with Defendant since his graduation in 2001 and that he was not aware of Defendant's felony convictions or that he was in prison until he was contacted by the defense.

Sheryl Allen, Defendant's sister, testified about Defendant's personal history. She stated that he struggled as a student and did not have a father figure, but he enjoyed playing sports. She noted a change in his behavior around the age of 17 when he began spending time with the "wrong set of people" and using marijuana. She had never known Defendant to be violent or carry a gun. She noted that Defendant had been incarcerated for ten years and that she speaks to him on the phone and she, her children and her mother visit him in prison several times a year. She noticed positive changes in Defendant throughout his incarceration, including that he "found God." She testified that Defendant's release from prison would help the family care for their disabled brother. She noted that he would also have a strong support system if released and that he could live with her. On cross-examination, she stated that she did not know if Defendant graduated from high school. She was aware that the state had charged Defendant with solicitation of murder but did not know that it dropped the charges after he was sentenced to life in prison.

Adrian Rocha testified that he was a policy specialist for the Crime and Justice Institute and assisted in the Justice Reinvestment Initiative, which assessed Louisiana's criminal justice system and aimed to reduce the

incarceration rate of nonviolent offenders. He reviewed Defendant's habitual offender bill and stated that under the current laws, possession of marijuana, second offense, is no longer a felony and that the sentencing guidelines for distribution of marijuana were restructured. He testified that under the ameliorative laws, Defendant would be a third-felony habitual offender subject to a sentencing range of 5 to 20 years. He also testified about his role in the Last Prisoner Project, which focuses on the intersection of cannabis and the criminal justice system, and stated that it has provided advocacy support to Defendant and will provide reentry services to him.

Rebecca Ohler, a mitigation specialist, testified that she met with Defendant and members of his family, reviewed his records, interviewed the director of the Louisiana Parole Project and researched community supports available to Defendant upon release. She learned that Defendant is from a large family in Haughton that is active in sports; that he was raised by a single mother who worked two jobs; that he had a difficult time in school and did not graduate from high school; and that his trusting nature resulted in him being involved with people who got in trouble. She stated that Defendant has two teenage children, and his son described him as a wonderful father whom he wants back in his life. She noted that the children have not had contact with Defendant since he was sentenced to life in prison. She met Defendant's brother, who has a traumatic brain injury, and believed that Defendant would help care for him. Ohler discussed Defendant's criminal history and noted that none of his convictions are for violent conduct. She described his employment history as "low-scaled labor jobs." She stated that while incarcerated, Defendant has sent money to his mother; was baptized; has completed programs involving mentorship,

4

sobriety, mental health and anger management; and has worked in the kitchen and as a field laborer. She reviewed his conduct record, which showed that he had not committed any violent attacks. She stated that pursuant to a department of corrections assessment tool, Defendant is classified as a low-risk offender. She discussed Defendant's reentry plan and noted that he has been accepted into the Louisiana Parole Project, has support through the Last Prisoner Project and has job opportunities in Haughton. On cross-examination, Ohler testified that Defendant has not completed a GED course. She noted that while incarcerated, he was written up for intoxication and simple fights.

Throughout the sentencing hearing, references were made to the state charging Defendant with two counts of solicitation of murder and then dismissing these charges once he was sentenced to life in prison. The trial court stated that the charges would not factor into the sentence because they were unadjudicated. It also noted that Defendant is a fifth-felony habitual offender, not a third-felony habitual offender, because the Louisiana Supreme Court did not vacate his convictions for possession of marijuana, second offense. The trial court noted that the applicable sentencing range was 20 years to life in prison. It then took the matter under advisement.

On May 31, 2023, the trial court sentenced Defendant to 35 years at hard labor with credit for time served. The court stated:

> [T]he Court is well familiar with Mr. Allen's case insomuch as, um, I've been a party to the pretrial discussions with defense attorneys and the - the State, been the judge presiding over the jury trial that led to the conviction, the judge that presided over the hearings and trials on the habitual offender. I've reviewed the remanding documents from the Supreme Court finding that the life sentence that was given as a result of being a, um, a fourth or greater felony offender that existed at the time of Mr. Allen's conviction, um, they found that to be unconstitutionally

5

excessive, remanded him back to this Court for consideration. Now, in the infinite wisdom of the - the legislature and of the Supreme Court the application of those laws were not retroactive. So as much as [defense counsel] wants to argue, Mr. Allen is not a third-felony offender; uh, despite that if the hearing for habitual offender was held today he would be considered that under the current law. So he's still considered a fourth or greater felony offender, which the sentencing range is twenty to life. We already know that the life sentence is unconstitutionally excessive. And I know that [defense counsel's] arguing for a deviation downward because Mr. Allen's convictions were based upon nonviolent crimes, were based upon small amounts of drugs, and were based upon other factors that he has, um, um, programs and - and other things that he's completed while in jail; and - and so the Court's considered all of those factors under Article 894.1 and has looked at this case in a totality of the circumstances. And we can't transplant this case from where it was in 2013 at the start of the trial that Mr. Allen was convicted of and - and fast forward it and just plug it into today. We still have to take the fact that whatever decisions were made by Mr. Allen in his decisions to not accept a plea or to go to trial, to the findings of the trial court, to the decisions of the District Attorney's Office with any pending charges, and Mr. Allen's situation today can't be considered different than what it was then in its application. So the Court finds that based on the totality of the circumstances, based upon all the considerations that have been argued and taken into account under Article 894.1, that Mr. Allen still is a fourth or more felony offender and falls under the current statute which requires a sentence of no less than twenty years, no more than life in prison; so therefore, I feel that any lesser sentence than what I'm about to give even though these crimes were nonviolent, even though your argument, [defense counsel], they were small amounts of - of drugs, the - the drugs are still one of the most dangerous things in our society, they affect so many other areas of our society from the economy to educational growth, to the communities that we live in and Mr. Allen was actively involved in all of that.

On June 29, 2023, Defendant filed a motion to reconsider sentence.

He argued that a 35-year sentence for distribution of $20 worth of

marijuana amounts to a needless imposition of pain and suffering. He

contended that although he is subject to the pre-2017 sentencing provisions,

the ameliorative changes in the law should be used as guidance to

determine an appropriate sentence and suggested that the trial court impose a sentence of no more than ten years. The trial court denied this motion.

Defendant appeals his sentence.

## DISCUSSION

In his sole assignment of error, Defendant argues that the 35-year sentence for selling $20 worth of marijuana is excessive. He contends that this sentence, when imposed on an individual with a nonviolent criminal history and when compared with other sentences for similar offenses, shocks the sense of justice. He argues that the trial court abused its discretion by (1) failing to adequately consider the La. C. Cr. P. art. 894.1 sentencing factors, (2) failing to consider the ameliorative changes in drug laws as a sentencing factor, and (3) repeatedly referencing charges of solicitation of murder and his refusal to accept a plea bargain. He requests that this court vacate his sentence and either remand for a resentencing hearing or impose a sentence of ten years.

The state argues that the sentence was not excessive and should not be vacated or modified. It contends that the trial court adequately considered the La. C. Cr. P. art. 894.1 factors and reviewed Defendant's personal and criminal history in the presentence investigation report. It notes that the 35-year sentence falls within the statutory limits and that it is dramatically reduced from the sentence of life imprisonment he originally received.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, but the record must reflect that he adequately

considered these guidelines in particularizing the sentence to the defendant. *Id.* The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence may be excessive under La. Const. art. I, § 20, even if it falls within the statutory range established by the Legislature. *State v. Allen*, 348 So. 3d 1274, *supra*. This extends to the minimum sentences mandated by the Habitual Offender Law. *Id.*, *citing State v. Dorthey*, 623 So. 2d 1276 (La. 1993).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

The applicable version[1] of La. R.S. 15:529.1(A)(4) states:

> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then:
> (a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life; or
> (b) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or of any other crime punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

The trial court adhered to the Louisiana Supreme Court's instructions in *State v. Allen*, 348 So. 3d 1274, *supra*, to resentence Defendant to a term of imprisonment that is not constitutionally excessive. The record in this case reflects that the trial court complied with La. C. Cr. P. art. 894.1. It discussed the seriousness of Defendant's offenses and noted that although his crimes were nonviolent, they all involved drugs, which dangerously affect our society. Through the witnesses Defendant presented at the sentencing hearing, the trial court considered his personal history. It noted its involvement with Defendant's case, including its role as the court in the habitual offender hearing, which demonstrates that the court was well aware of Defendant's criminal history. Further, the 35-year sentence does not shock the sense of justice, and the trial court did not abuse its discretion in imposing this sentence on this fifth-felony habitual offender.

---

[1] La. R.S. 15:529.1 has since been amended. Notably, 2017 La. Acts 282, § 2, provides that the amendments in Act 282 "shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017."

9

Although Defendant argues that the trial court erred in failing to consider the ameliorative changes to relative legislation and in referencing charges of solicitation of murder, a review of the sentencing transcripts demonstrates that his complaints are unfounded. The trial court discussed the amendments to and retroactivity of La. R.S. 15:529.1 at both sentencing hearings. It also stated that it would not consider the charges of solicitation of murder when sentencing Defendant.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the sentence of Defendant Kevin O'Brien Allen.

**AFFIRMED.**

10

**HUNTER, J., dissenting.**

In granting defendant's application for post-conviction relief, the

Louisiana Supreme Court stated:

> In *State v. Dorthey*, 623 So. 2d 1276, 1280-81 (La. 1993), we
> held that this extends to the minimum sentences mandated by
> the Habitual Offender Law and that the trial court must reduce a
> sentence to one not unconstitutionally excessive if the trial
> court finds that the sentence mandated by the Habitual Offender
> Law "makes no measurable contribution to acceptable goals of
> punishment" or is nothing more than "the purposeful imposition
> of pain and suffering" and "is grossly out of proportion to the
> severity of the crime."
>
> Here, in the motion to reconsider the sentence, defense counsel
> failed to apprise the trial court of its duty to depart from the
> mandatory life sentence under *Dorthey*, on the grounds it was
> excessive. Counsel also failed to present any mitigating
> evidence. In particular, counsel failed to emphasize that none of
> Mr. Allen's predicate offenses were violent or sexual in nature.
> The initial sentence – on the lower end of the sentencing range
> – was based on the information contained in a presentence
> investigation report that described not only Mr. Allen's prior
> convictions and arrests, but also mitigating information.  In the
> motion to reconsider the habitual offender sentence *** counsel
> failed to remind the trial court of these individual
> circumstances, including that Mr. Allen had obtained his GED,
> was an employed father of two young children, and that he
> desired treatment for his dependency on marijuana.
>
> We find that sentencing counsel's performance fell below an
> objective standard of reasonableness under prevailing
> professional norms. As a result of her deficient performance,
> the trial court imposed a mandatory life sentence that was
> excessive as applied to Mr. Allen.
> ***

*State v. Allen*, 22-00508 (La. 11/1/22), 348 So. 3d 1274, 1276.

In *State v. Dorthey*, 623 So. 2d 1276 (La. 1993), the defendant, a

crack cocaine addict, was convicted of possession of crack cocaine and was

originally sentenced to serve five years at hard labor.  The State filed a

habitual offender bill of information, asserting defendant had three prior

felony convictions for possession of cocaine.  The defendant, as a fourth

1

offender, faced a minimum sentence of 20 years and a maximum sentence of life at hard labor.  The defendant filed a motion to quash the multiple offender bill, challenging the constitutionality of La. R.S. 15:529.1.  The trial court granted the motion to quash, finding the habitual offender statute, as applied in Orleans Parish, was unconstitutional. The State filed a direct appeal with the Louisiana Supreme Court, and the Court upheld the constitutionality of the statute.  The Court further stated:

> The record indicates that the trial judge had difficulty imposing a twenty year sentence on a twenty seven year old crack cocaine addict simply because he had been convicted for a fourth time for possession of cocaine. If, in this case when defendant is ultimately sentenced, the trial judge were to find that the punishment mandated by R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime", he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.  Accordingly, we will remand this case to the district court for resumption of its multiple bill proceedings, for its determination as to whether the minimum sentence mandated for this habitual criminal defendant by virtue of R.S. 15:529.1 for simple possession of cocaine is constitutionally excessive as applied to this particular defendant, and for appropriate sentencing.

*Id.*, at 1280-81.

A comparison of the punishment imposed for similar crimes is useful in determining whether a sentence, by its excessive length or severity, is grossly out of proportion to the underlying crime. *State v. Fruge*, 14-1172 (La. 10/14/15), 179 So. 3d 579; *State v. Dungan*, 54,031 (La. App. 2 Cir. 9/22/21), 327 So. 3d 634, *writ denied*, 21-01679 (La. 1/26/22), 332 So. 3d 82; *State v. Little*, 52,131 (La. App. 2 Cir. 8/15/18), 252 So. 3d 1038, *writ denied*, 18-1582 (La. 3/25/19), 267 So. 3d 594. Nonetheless, sentences must

2

be individualized to the particular offender and to the particular offense committed. *Id.*

In *State v. Harris*, 18-1012 (La. 7/9/20), 340 So. 3d 845, the defendant was convicted of distributing a small quantity (less than one gram) of marijuana. He was adjudicated a fourth-felony offender, and sentenced to life (his prior felonies included distribution of cocaine, simple burglary, theft, two counts of simple robbery, and distribution of marijuana). Defense counsel did not object to the sentence or file a motion to reconsider sentence, and the defendant was limited to a bare claim of constitutional excessiveness on appeal. The Supreme Court granted defendant's application for post-conviction relief and remanded the matter for a hearing on the claim of ineffective assistance of counsel. Following remand, the defendant was sentenced to nine years in prison.

In *State v. Ross*, 15-1113 (La. App. 4 Cir. 12/21/16), 207 So. 3d 511, *writ denied*, 17-0118 (La. 9/22/17), 227 So. 3d 823, and *writ denied*, 17-0394 (La. 9/22/17), 227 So. 3d 826, and *writ denied*, 17-0537 (La. 9/22/17), 227 So. 3d 827, the defendant was convicted of possession of marijuana, possession of cocaine, and possession of carisoprodol (a muscle relaxant). He was adjudicated a fifth-felony offender and sentenced to 20 years. On appeal, the Court found the defendant had "demonstrated by clear and convincing evidence that his is a rare and exceptional case, which warrants downward departure from the mandatory minimum sentence of [20] years and "is a victim of the legislature's failure to assign sentences that are meaningfully tailored to his circumstances." *Id.* at 521. The Court further stated:

> The goals of the Habitual Offender Law are to deter and punish recidivism, but we are unconvinced in this case that the twenty-year sentence serves those goals *fairly*. The habitual offender statute is based on a concept of graduated punishment – that is, the more convictions one acquires, the harsher the punishment will be each time. *See* La. R.S. 15:529.1 A(1)-(4). There is nothing graduated about the punishment in this case, however, where the sentence catapults from zero to twenty years imprisonment. Enhancing a sentence to such a degree when Mr. Ross has never suffered the serious consequence of imprisonment for an identical prior offense is not an effective or fair method of deterring and punishing crime.

*Id*. at 521 (emphasis in original). The Court remanded the matter to the trial court with instructions to conduct an evidentiary hearing and impose lesser sentences, which "must be meaningfully tailored to his culpability and the circumstances of his case, and must fairly and justly serve society's penological goals." *Id*. at 524. On remand, the defendant was sentenced to 10 years with credit for time served.

In *State v. Johnson*, 16-0259 (La. App. 4 Cir. 12/21/16), 207 So. 3d 1101, *writ denied*, 17-0119 (La. 2/2/18), 233 So. 3d 616, the defendant was convicted of simple burglary of a vehicle for stealing $15 from a "bait vehicle." He was adjudicated a fourth-felony offender and sentenced to life in prison. The Fourth Circuit noted the defendant's three prior felonies were for non-violent offenses, and although defendant's sentence fell within the statutory range, it was constitutionally excessive. The court remanded the case to the trial court to reduce the sentence, and on remand, the defendant was sentenced to 10 years.

In *State v. Brooks*, 12-1389 (La. App. 1 Cir. 3/26/13), 2013 WL 11104266, the defendant was convicted of distribution of cocaine and was originally sentenced to five years imprisonment at hard labor. The defendant was adjudicated a fourth-felony habitual offender; all of his predicate

4

offenses were non-violent drug-related offenses. The trial court vacated the original sentence and imposed an enhanced sentence of 20 years imprisonment at hard labor.

In *State v. Hood*, 12-0006 (La. App. 1 Cir. 6/8/12), 2012 WL 2061512, *writ denied*, 12-1579 (La. 1/25/13), 105 So. 3d 64, the defendant was convicted of possession of marijuana with intent to distribute. After he was adjudicated a third felony-offender, he was initially sentenced to life at hard labor. Thereafter, the trial court granted a motion to reconsider sentence, and defendant was resentenced to a term of 25 years at hard labor.

In *State v. Johnson*, 10-1930 (La. App. 1 Cir. 5/6/11), 2011 WL 261901, the defendant was convicted of two counts of distribution of marijuana (count one) and distribution of methylenedioxymethamphetamine (MDMA/ecstasy) (count two). The trial court originally sentenced defendant to imprisonment at hard labor for 10 years on count one and 20 years at hard labor on count two. Thereafter, the defendant was adjudicated a third-felony offender, and the trial court resentenced defendant to 20 years for each count, to run concurrently.

In the instant case, defendant was originally sentenced in May 2014. During the 2014 sentencing hearing, the trial court considered the presentence investigation report and defendant's "substantial criminal history and all being drug related, particularly marijuana related offenses." Despite defendant's criminal history, the court acknowledged defendant's substance abuse issues, recommended he "receive any substance abuse counseling that is available," and concluded concurrent sentences of 10-years at hard labor were appropriate.

In the instant case, although the trial court stated it had considered all of those factors under Article 894.1, the transcript from the resentencing hearing reveals the court failed to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence," as mandated to article 894.1. Specifically, the court did not mention defendant's personal history (age marital status, dependents, family ties, employment record, or emotional and physical health). Nor did the court address the details of the instant offenses, whether serious harm was caused or threatened as a result of these offenses, or whether defendant's apparent motivation for selling marijuana was to support his addiction. Further, there was no meaningful inquiry into to whether defendant was "exceptional" and warranted a downward departure, or whether the sentence imposed would make no measurable contribution to the acceptable goals of punishment. Rather, the court succinctly stated, "[E]ven thought these crimes were nonviolent, even though . . . they were small amounts of drugs, the drugs are still one of the most dangerous things in our society from the economy to educational growth, to the communities that we live in and Mr. Allen was actively involved in all of that[.]"

Consequently, I would vacate defendant's sentence and again remand this matter to the trial court with instructions to "provide for the record the considerations taken into account and the factual basis therefor in imposing sentence," for this non-violent offender for these non-violent offenses.